*Peebles & Bowden, J. R. Bowden, J. B. & T. R. Burnside,* contra.

### 19868.   ODOM *v.* ATTAWAY.

STEPHENS, J.   1. A debtor can be placed in involuntary bankruptcy only when he is insolvent and has committed some act of bankruptcy. See the bankruptcy act.

2. In a suit to recover damages for a malicious use of legal process, in that the defendant maliciously and without probable cause instituted against the plaintiff a suit to have him adjudicated an involuntary bankrupt, the issue presented for adjudication is not as to the plaintiff's indebtedness to the defendant, but is as to the defendant's institution of the bankruptcy proceeding maliciously and without probable cause.   The determination of the question whether there existed probable cause for the institution of the bankruptcy proceeding is not necessarily dependent solely upon an inquiry into an indebtedness from the plaintiff to the defendant, but it may be dependent also upon an inquiry into whether the plaintiff was a debtor to the defendant, or was insolvent, or owed a debt provable in bankruptcy, or had committed an act of bankruptcy.

3. Where upon the trial of the issues arising out of the suit for a malicious use of legal process the issue as to the want of probable cause for the institution by the defendant of the involuntary proceedings in bankruptcy against the plaintiff was not confined, either by the pleadings, the evidence, or the charge of the court, solely to an inquiry as to whether the plaintiff was indebted to the defendant, and the issue of indebtedness was not expressly adjudicated, a verdict and judgment for the plaintiff in that suit could not be an adjudication as to whether the plaintiff was indebted to the defendant.   The verdict and judgment for the plaintiff in that suit, while necessarily amounting to a finding and adjudication that the defendant had no probable cause for the institution of the bankruptcy proceeding, do not necessarily find and adjudicate as a fact that the want of probable cause was by reason of there being no indebtedness from the plaintiff to the defendant, but may have adjudicated that the want of probable cause was due to the fact that the debt was not one provable in bankruptcy, or that the plaintiff was solvent, or that no act of bankruptcy had been committed by him.   It follows that a verdict and judgment for the plaintiff upon the issue formed upon the trial of the suit for a malicious use of legal process amount neither to res judicata nor to an estoppel of the defendant in that suit, on the question of an indebtedness from the plaintiff to the defendant.   See *Callaway* v. *Irvin,* 123 *Ga.* 344 (4) (51 S. E. 477).

4. Pleadings must be construed most strongly against the pleader; and where a plea sets up, as res judicata and as an estoppel by judgment, the verdict and judgment rendered upon a suit for malicious use of legal process, and alleges that upon the trial of that suit the question whether the plaintiff therein was indebted to the defendant therein was made an issue under the evidence and the pleadings, but where in the plea it was not alleged that the question whether the plaintiff in that case was indebted to the defendant was the sole issue presented for determination upon the question of whether there was want of probable cause for the defendant's institution of the proceedings in involuntary bankruptcy against the plaintiff in that suit, or that the question of indebtedness was in fact adjudicated in that suit, the plea failed to show that the question whether the plaintiff in the former suit was indebted to the defendant therein was the sole question presented for determination upon the question of whether there was probable cause for the defendant's institution of the proceedings in involuntary bankruptcy against the plaintiff in that suit, or whether the question of indebtedness was actually adjudicated by the verdict and judgment in that suit. Civil Code (1910), § 4336; *Farmer* v. *Baird*, 35 *Ga. App.* 208 (132 S. E. 260).

5. A statement by the judge on the trial of the former suit for malicious use of legal process, that "the issue for the jury is as to whether there was an indebtedness," is not sufficient to establish as a fact that on that trial the question as to the indebtedness was, under the pleading and the evidence, necessarily determined and adjudicated by the verdict and judgment afterwards found for the plaintiff in that suit.

6. In a suit afterwards brought by the defendant in the suit for a malicious use of legal process, against the plaintiff in that suit, upon the alleged indebtedness which that defendant had claimed against that plaintiff in the bankruptcy proceeding, the plea of res judicata and estoppel by judgment, offered as an amendment by the present defendant in the suit to recover the alleged indebtedness, was properly rejected and disallowed.

7. Where on the hearing of a motion for a continuance, made in behalf of the defendant, upon the ground of the defendant's inability, by reason of his physical condition, to travel from his home, about fifty miles away and attend the trial, and also upon the ground of the inability of his attorney, his sole counsel, to proceed with the trial, on account of the physical condition of the attorney's throat, where the only legal evidence offered in support of the motion consisted of an affidavit of a physician, made several days prior to the hearing on the motion, that he had treated the defendant and that "probably" it would be sixty or ninety days before the defendant would be able to leave "his home" in the city in which he lived and "ride by train or by automobile" to the city in which the trial was to be had and there participate in the trial, and that it would not be safe for the defendant's health for the defendant to make this trip and participate in the trial, and evidence that the affiant had, the day before, stated that the defendant had heart and stomach trouble, but was out looking after his business, and testimony of a deputy sheriff that he went to the defendant's home the day before and failed to find him there, and where no opportunity was given

53

to the respondent to cross-examine the physician, and where it appeared that the defendant's attorney was not physically incapacitated, otherwise than by the condition of his throat, from conducting the trial, but where the attorney was present in court and had made preparations for the trial by subpœnaing witnesses and causing subpœnas duces tecum to issue for the desired documentary evidence, and where the only issue made by the defendant's plea was that of payment, and where it·appeared that the case had been continued several times at the instance of the defendant, the court did not abuse its discretion in overruling the motion for a continuance. Civil Code (1910), §§ 5710, 5717.

8. Motions for continuance are addressed to the sound discretion of the trial judge, and where on the hearing of a motion for a continuance hearsay testimony is admitted, yet where it does not appear from a consideration of the evidence adduced upon the hearing, with the hearsay testimony excluded, that the court abused its discretion in refusing a continuance, alleged error in the admission of the hearsay testimony will not require a reversal of the judgment.

9. The court did not err in rejecting and disallowing the defendant's proffered amendment to the plea, and in thereafter overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 29, 1930. REHEARING DENIED MARCH 1, 1930.

*L. E. Heath,* for plaintiff in error.
*John Rogers, J. W. Quincey,* contra.