20705. MALLARD *et al. v.* PYE.

Duckworth, Chief Justice. This is an equitable action to enjoin the sheriff of a county from complying with an order of

the ordinary to remove obstructions in a private way and to enjoin the adjoining property owner, who brought the action to remove the obstructions before the ordinary, from diverting or attempting to divert or interfering or attempting to interfere with the natural flow of surface waters from lands of the petitioner. The allegations attempt to show that the order of the ordinary was void in that it was not issued at a regular term of the court of ordinary, and required the sheriff to fill a ditch in a private way, which would result in inter-ference with the natural flow of surface waters across the petitioner's property; and that the normal flow of surface water is from the petitioner's property to the defendant's, who has diverted the flow of said water by constructing and maintaining obstacles on her property so that the water is unable to drain from petitioner's property except by the ditch in the private way. Demurrers and a plea of res judicata were filed by the defendant property owner only and, after a hearing, overruled. The exception is to that judgment. *Held*:

1. Since the sheriff, who is one of the plaintiffs in error, filed none of the pleadings which were overruled, and the judgment overruling same is here under review, we dispense with any further consideration of the assignments of error as to this plaintiff in error since he will not be affected by a judgment either of reversal or of affirmance.

2. The petition combines equitable prayers to enjoin the sheriff from enforcing the order of the ordinary and to prevent the defendant property owner from diverting the flow of surface water across the properties. The demurrers to the petition are brought by the defendant property owner only, alleging that no cause of action is alleged against her. While the lower property owner owes a servitude to the higher so as to receive the surface water which normally runs from it, provided the higher has done no acts to increase such flow by artificial means, and equity will enjoin a trespass caused by the increasing of such flow of water (*Goldsmith* v. *Elsas, May & Co.*, 53 Ga. 186; *Cox* v. *Martin*, 207 *Ga.* 442, 62 S. E. 2d 164; *Rinzler* v. *Hunter*, 209 *Ga.* 553, 74 S. E. 2d 665), likewise, it should enjoin the obstruction of the natural flow which will continually damage the upper owner. The allegations show that the defendant has placed obstructions on her land so that the petitioner's land is not properly drained; hence a cause of

action is alleged for the relief sought, and the court did not err in overruling the demurrers to the petition.

3. The plea of res judicata, attaching a copy of the pleadings and judgment in the proceeding to remove obstructions in the private way, brought before the ordinary of that county, has no bearing on a petition in equity to enjoin the diverting of surface water from the higher to the lower adjoining property owner; hence the court did not err in overruling the plea.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960.

*Adams & Mattox,* for plaintiffs in error.
*W. A. Zorn,* contra.