## 21209. PATTILLO v. ATLANTA & WEST POINT RAILROAD COMPANY et al.

DUCKWORTH, Chief Justice. The present action alleges that a lumber company and a railroad company are jointly threatening to construct a railway spur track to the lumber company across petitioner's property, and petitioner complains that the deed to the railroad company, allegedly conveying a right of way across the property, is void and the railroad company has no charter power to construct the same. The petitioner prays for declaratory relief, injunctive relief to maintain the status quo, permanent injunctive relief to prevent the construction, maintenance, and operation of the spur track now in contemplation, and cancellation of the alleged void deed. The plea in abatement filed by the lumber company—which is the subject matter of our review—alleges a pending suit by the petitioner against it, and attaches a copy thereof, which shows alleged damages caused by the negligence of the defendant in excavating to lower a railroad right of way across the petitioner's property, certain alleged acts of trespass committed, such as lowering the water level which will result in a dry well if the work continues, the removal of soil from the property, and the formation of dust clouds and the raining of rocks from explosions damaging petitioner's property. The prayers are for damages and injunctive relief. The exception is to a judgment overruling a demurrer to the plea, the sustaining of the plea, and dismissal of the lumber company in response to a request for a summary judgment.

While the parties submitted the case to the trial judge at the hearing on the theory that no issue of facts existed and the court should pass on the plea as a matter of law, a reading of the two suits shows that they refer to different acts and different relief, and unless shown to arise out of the same action by competent evidence, this can not be determined from the pleadings. Obviously, the court erred in sustaining the plea and dismissing the lumber company on the pleadings alone, since there was no evidence to support the judgment. The lack of such evidence renders inapplicable Code § 3-601, relating to pending suits for the same cause, and Code § 110-501,

relating to res judicata and estoppel by judgment, and all decisions thereunder.

*Judgment reversed. All the Justices concur.*

SUBMITTED APRIL 10, 1961—DECIDED MAY 9, 1961.

*J. C. Murphy, J. Everett Thrift,* for plaintiff in error.
*Henry M. Hatcher, Jr., Robert G. Young,* contra.