24030. UDDYBACK et al. v. GEORGE, Administratrix.

UNDERCOFLER, Justice. Plaintiffs and their "associates" brought an action to enjoin the defendant from interfering with the use of a colored cemetery established about 1896 and used continuously since that date. The cemetery is described as being 81' x 429' and located immediately north of a white cemetery. The petition shows the defendant owns adjacent land and is alleged to have cut down shade trees, dug up and removed slabs from the graves, obliterated graves so that they could not be identified, plowed up said cemetery and planted oats thereon, and has continuously refused to allow plaintiffs to use said cemetery for burial or to enter thereon to maintain and visit the graves. The defendant filed a plea of res judicata which was sustained by the court and the plaintiffs' petition was dismissed.

The record of the former action relied upon to support the plea of res judicata shows that it was an equitable action by one Mitchell Smith and his "associates" to restrain the defendant from obstructing a private way across his land leading to a cemetery so that the petitioners could use and visit said cem-

etery. The defendant in his answer admitted the location of a white cemetery 90' x 83' enclosed by a fence and alleged that he had always permitted access thereto across his land. The defendant denied that the petitioner or his "associates" had any right to bury anyone therein or in any adjacent land which the defendant claimed he owned. The only evidence introduced was by stipulation wherein the parties agreed that the court could consider the petition, answer and judgment in the former litigation and further agreed that Mitchell Smith testified in the instant case that one of the plaintiffs was an "associate" of his. In the instant case the plaintiffs pray that the defendant be enjoined from interfering with the use of the cemetery. In the former case the plaintiffs therein prayed that the defendant be enjoined from obstructing a private way and the defendant prayed in his answer that the relief sought by the plaintiffs be denied. The court sustained the plea and dismissed the petition without any further evidence being introduced. The plaintiffs appeal from this judgment and in their enumeration of errors contend that the court erred in sustaining the defendant's plea of res judicata and in dismissing the plaintiff's petition because (1) there was no proof of identity of parties, (2) there was no proof of identity of causes of action, (3) and that the judgment sustaining the plea of res judicata is contrary to law and is without evidence to support it. *Held:*

"A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement. . ." *Code* § 3-607. At the same time, "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." *Code* § 110-501. These defenses may be raised by a plea of res judicata. *Pattillo v. Atlanta & W. P. R. Co.*, 216 Ga. 806 (120 SE2d 176). Such a defense must be sustained by proof which must show clearly an identity of parties and causes of action together with a valid judgment. *Prisant v. Feingold*, 169 Ga. 864 (151 SE 799). It is our opinion that the evidence in this case was insufficient to show clearly an identity of parties or causes of action and the trial judge erred

in sustaining the plea of res judicata and dismissing the petition. *Mallard v. Pye*, 215 Ga. 645 (3) (112 SE2d 620).

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 13, 1967—DECIDED APRIL 20, 1967.

*C. J. Taylor*, for appellants.

*Franklin, Barham, Coleman, Elliott & Blackburn, Ed G. Barham*, for appellee.