### 35722. SEA ISLAND BANK v. FIRST BULLOCH BANK & TRUST COMPANY et al.

JORDAN, Presiding Justice.

This is an interlocutory appeal from the grant of an interlocutory injunction against appellant Sea Island Bank.

First Bulloch, plaintiff below, purchased a tract of land, on which it later built a branch bank, from the Statesboro Mall in 1971 obtaining a restrictive covenant which provided that no other land sold within a certain area, including the mall, could be used for the construction of a banking facility. Sea Island Bank was subsequently contacted by an agent of the Statesboro Mall about possibly locating a branch inside the mall, and proceeded with plans for the ultimate construction of the branch in the mall.

Some few days after construction on the branch began, First Bulloch filed a complaint for injunction against further construction based on its restrictive covenant. A hearing on an interlocutory injunction was held after which the trial court issued its injunction. Testimony at the hearing revealed that though Sea Island Bank's officers knew of First Bulloch's restrictive covenant, they felt that it would either not be enforced or that it had been waived by the conduct of First Bulloch's president O. B. Bell. There was also testimony that First Bulloch was on notice of Sea Island Bank's plans long before it finally took action to stop them and that Bell had arguably contemplated not enforcing the covenant.

1. Sea Island Bank contends that the trial court abused its discretion in granting the interlocutory injunction since First Bulloch had waived its right to enforce the restrictive covenant and was guilty of laches in enforcing what rights it had. The trial court found as a matter of fact that there had been no waiver or laches.

Georgia law places the granting and continuing of injunctions within the sound discretion of the judge. Code Ann. § 55-108. In order to hold that the trial judge abused his discretion in granting this interlocutory injunction, we would have to find that there was no evidence on which he based his ruling.

On the contrary, O. B. Bell testified that he never waived the restrictive covenant in First Bulloch's deed, and that he was never requested to. There was no showing of affirmative waiver, other than testimony that Bell had told mall representatives that he would be interested in First Bulloch's having a branch inside the mall if Sea Island Bank wanted to locate one there. "Waiver, in fact, is a matter of proof. Its very basis is intent, and unless the facts show knowledge, and are such as to make the inference of intent natural and free from doubt, the presumption of waiver from an act ought not to arise." *McLean v. Clark,* 47 Ga. 24, 73 (1872). We hold that the trial court could have found, and was thus correct in holding that no waiver had occurred.

Similarly, with respect to the defense of laches, the trial court held it specifically followed the guidelines established in *C & S Nat. Bank v. Ellis,* 171 Ga. 717 (156

SE 603) (1930), in determining that First Bulloch was not guilty of laches. One factor to be considered was whether the delay was such "as practically to preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible . . ." 171 Ga. at 733. In that case, in which laches barred the suit, eleven years had elapsed between the time the cause of action had arisen and the institution of the lawsuit and all parties interested in the case had either died or become mentally incapable of testifying.

In the instant suit, Sea Island Bank argues that Bell knew of its intention to locate a branch office in the Statesboro Mall well over a year before it brought suit to enjoin. First Bulloch argues that it could not have brought suit to enjoin a "mere apprehension," citing, inter alia, *Richmond Cotton Oil Co. v. Castellaw,* 134 Ga. 472 (67 SE 1126) (1910). As we review the evidence, it indicates that Bell, upon learning that Sea Island Bank had applied to the FDIC for location of a branch bank, attempted to protest to the FDIC any location within the mall based upon First Bulloch's restrictive covenant, but was informed that the FDIC had no jurisdictional authority to consider such a protest. Furthermore, Sea Island Bank's proposed location within the mall changed three times, each time necessitating a new application to the FDIC so that Bell claimed he was continually uncertain as to where the branch would ultimately be placed. Finally, Bell wrote the Statesboro Mall representatives, with a blind copy of the letter sent to Sea Island Bank, informing them of his intention to enforce the restrictive covenant a full two months prior to the commencement of construction. Although, Sea Island Bank contends that it has spent $114,500 out of a proposed $159,000 for completion of the entire project, actual construction work on the branch location had only proceeded for five days before the filing of this suit at which time work was halted.

Based on the evidence as presented at this stage (see Division 3, infra), we hold that the trial court did not abuse its discretion in finding that First Bulloch was not guilty of laches and in granting it an interlocutory

injunction.

2. Sea Island Bank contends that the trial court erred in adjudicating with finality the issues of fact of waiver and laches at this interlocutory stage of the proceedings, citing *Oliver v. Forshee,* 224 Ga. 200 (160 SE2d 828) (1968). At the same time, we note that the trial judge is the trier of facts in an equity action such as this one at this stage, and, pursuant to Code Ann. § 81A-152 (a), must set forth the findings of fact and conclusions of law which constitute the grounds of his or her action. We will adopt the approach we took in *Carter v. Puckett,* 237 Ga. 494 (228 SE2d 878) (1976), and simply direct, upon affirmance, that the findings of the trial judge in the order on the interlocutory injunction will not be considered final as they are not conclusive on the final trial between these parties.

3. There is no merit to Sea Island Bank's final enumeration of error contending that nowhere is it made clear in the order of the interlocutory injunction that it is meant to be temporary only. The order states that it grants only an interlocutory injunction, First Bulloch had requested such an interlocutory injunction, and counsel for First Bulloch informed this court at the oral argument of this case that it regarded this injunction as an interlocutory one only. We, therefore, affirm the order of the trial judge with direction.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED JANUARY 16, 1980 — DECIDED
APRIL 29, 1980.

*Allen, Brown, Wright & Edenfield, Gerald M. Edenfield, Susan E. Warren, Francis W. Allen,* for appellant.

*Sam L. Brannen, John R. Turner,* for appellees.