65397. LOWENBERG v. FORD & ASSOCIATES, INC.

SHULMAN, Chief Judge.

In November 1980, appellee brought suit against appellant for unpaid rent. That suit terminated in April 1981 with a consent judgment which covered appellant's rental obligations through April 1981. That judgment was eventually satisfied, but appellant made no further payments under the lease. Appellee once again brought suit for unpaid rent and again received a judgment. That judgment was reached by means of trial rather than consent and was for rental due from May 1981 through June 1982. The defense raised below was the doctrine of res judicata. The only issue on appeal is whether the earlier consent judgment barred the present action.

Appellant relies on OCGA § 9-12-40 (Code Ann. § 110-501): "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered . . ." The argument advanced on appeal is that appellee could have sought to recover for appellant's breach of the whole lease and, therefore, cannot now seek to recover rent which came due subsequent to the previous action.

In the first suit, appellee sought recovery of rent which had come

due and not been paid. Appellant contends that the case of *Szabo Assoc. v. Peachtree-Piedmont Assoc.,* 141 Ga. App. 654 (234 SE2d 119), stands for the proposition that a lessor's only measure of damages for nonpayment of rent is the amount already owing plus the difference between the stipulated rent and the rental value. Appellant has ignored the fact that *Szabo Assoc.* set out that standard to be applied "if the action seeks to recover in advance for the full term . . ." Id., p. 654. Appellant seems also to have ignored this court's holding in *Kimber v. Towne Hills Dev. Co.,* 156 Ga. App. 401 (1) (274 SE2d 620), to the effect that a lessor has the option of permitting the premises to remain vacant and collect the agreed rent each month. It is apparent that appellee has done just that. Appellee was not, therefore, required to seek all future rent in the first action.

Still, appellant argues, even if appellee was not *required* to seek future rent in the first suit, that recovery "might have been put in issue in the cause wherein the judgment was rendered." That argument must fail in light of this court's holding in *Nickerson v. Candler Bldg.,* 156 Ga. App. 396 (5) (274 SE2d 582), that no cause of action existed in a suit for rent for the installments not due when the suit was filed. It follows that appellee, having brought suit only for past due rent, could not have put the future rent in issue in that cause of action.

The cause of action in the present case is for rent which came due subsequent to the first judgment and is not the same cause of action as was involved in the first suit. *Nickerson,* supra. "Before a judgment in a former action will operate as res judicata it must appear that the former action was based on the same cause of action . . ." *Spearman v. Jaudon,* 145 Ga. App. 136 (243 SE2d 90).

For the reasons stated above, the trial court was correct in refusing to enter judgment for appellant on the defense of res judicata.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MARCH 11, 1983.

*Thomas J. Casurella,* for appellant.
*Kenneth P. McDuffie,* for appellee.
*William J. Dawkins,* amicus curiae.