### 42722. WELLS v. MULLIS.
(339 SE2d 574)

HILL, Chief Justice.

This is a suit in equity. As to this the parties are in agreement; beyond that they are not. The trial court granted summary judgment to the defendant, Mullis, and denied Wells' motion for summary judgment. Wells appeals.

Derall Wells and William Mullis were involved in an automobile accident in April 1966, which caused severe debilitating injuries to Mullis. Suit was filed in Chatham Superior Court against Wells in January 1968.[1] On May 8, 1968, Wells allegedly agreed to pay Mullis $4,450: $850 cash and 72 monthly payments of $50 each. It was also provided that Mullis could take judgment on the suit so that execu-

---

[1] The suit was brought on Mullis' behalf by his wife as next friend. For simplicity here, we treat the two as one.

tion on it could proceed in case of default on the agreement. The settlement was reduced to writing but the copy of it in the record is not signed, and it is possible that the original was not signed. However, by letter also dated May 8, 1968, Mullis' attorney acknowledged receipt of $800 paid by Wells pursuant to the agreement. Thereafter, without actual notice to Wells, a jury verdict for $172,188 was returned against him on July 23, 1968. Judgment on the verdict was not entered until September 10, 1971.

Meanwhile, Wells paid Mullis $50 monthly, which payments were accepted, first by Mullis' attorney and after July 1969, by Mullis. Wells' last check was dated May 15, 1974. A year later, by letter dated May 14, 1975, Wells was informed by a different attorney of the judgment which had been entered against him. Although Wells had marked the last $50 check "paid in full," it was never cashed. Mullis does not unequivocally deny that the settlement was entered into; he denies, however, that his former attorney was authorized to settle the case. On August 25, 1978, fi. fa. was issued and entered, but there is no showing that it was served upon Wells or his property. In April 1984, Mullis instituted garnishment proceedings in the State Court of Fulton County, and Wells' traverse was overruled on the ground that the Fulton County court could not set aside the Chatham County judgment. This decision was affirmed by the Court of Appeals in an unpublished opinion dated December 4, 1984.

This suit in equity was instituted on June 11, 1984. Summary judgment was entered against Wells on the ground that the 3-year statute of limitations applicable to complaints in equity to set aside judgments had run. OCGA § 9-11-60 (f).

The threshold issue in this case is whether this is a suit in equity to set aside a judgment obtained by fraud, accident, mistake, etc., OCGA § 9-11-60 (e), as to which the 3-year statute of limitations would be applicable, OCGA § 9-11-60 (f), supra. The complaint alleges that the negligence suit for personal injuries was settled and it has attached to it the unsigned settlement agreement as an exhibit, along with a copy of the attorney's letter acknowledging receipt of $800 paid pursuant to that agreement. The complaint alleges that the judgment has been satisfied by payment of the agreed sum. The complaint prays that the Fulton County garnishment be temporarily abated, that the defendant be required to acknowledge that the judgment has been paid and satisfied, and that the clerk of court mark it satisfied. The complaint does not pray that the judgment be "set aside," and the words "fraud, accident, or mistake" do not appear in the complaint. We find that this is a suit in equity to enjoin enforcement of a judgment which allegedly has been satisfied.

It is true that under the facts stated above, here construed in favor of respondent Wells on Mullis' motion for summary judgment, a

timely cause of action might lie to set aside the judgment for fraud, accident or mistake under OCGA § 9-11-60, supra. However, it is also clear that more than three years have passed from entry of that judgment. Therefore, the trial court correctly held that Wells could not now maintain an action to set it aside.

The trial court erred, however, in failing to recognize that this suit could be maintained as one to enjoin enforcement of the allegedly satisfied judgment. Here, Wells contends he has a valid agreement, made after institution of a suit, in which he promised to pay $4,450 to settle the litigation, and that that sum has been paid. This fact distinguishes this case from *Turner v. Avant*, 205 Ga. 426, 428 (54 SE2d 269) (1949), where the complainant paid the promissory notes before suit was instituted and then failed to appear and defend the suit, thereby allowing judgment by default to be entered and remain unchallenged for over 3 years.

In *Watts v. Norton*, 1 Ga. 243 (R.M. Charlt. 353) (1831), it was held that where the holder of a judgment which has been satisfied attempts to have it executed, either the defendant in execution may obtain a rule nisi (in the case in which the judgment was entered) ordering the holder to show cause why the judgment should not be marked satisfied (formerly the writ of audita querela), or, if the defendant in execution seeks to suspend the process of execution, he may file a suit in equity to enjoin execution of the judgment. Accord 49 CJS 1063, Judgments, § 581. It has been held that the statute of limitations applicable to suits for fraud is not a defense in an action to compel entry of satisfaction of a judgment. *Wilson v. Brookshire*, 126 Ind. 497 (25 NE 131) (1890). In *Palmer v. Hayes*, 113 Ind. 289 (13 NE 882, 883) (1887), the court held: "If the judgment was in fact satisfied, as was alleged in the complaint, it was no answer that satisfaction had been made more than six years before the bringing of the suit."

We hold that a suit in equity to enjoin enforcement of a judgment which allegedly has been satisfied by settlement after institution of the litigation, and payment of the agreed amount, is not barred by the 3-year statute of limitations set forth in OCGA § 9-11-60 (f). Nor is it barred by the 4-year statutes applicable to breach of contract. OCGA §§ 9-3-25, 26. It should not be in the power of the holder of a judgment to avoid the defense of satisfaction merely by waiting until the statute of limitations has run before commencing enforcement of the judgment. It is the holder's duty to mark the judgment satisfied; if he fails or refuses to do so, he cannot take advantage of his omission and enforce the judgment again at a later date, arguing that the debtor has slept on his right to have the judgment marked satisfied and therefore cannot defend against the second collection.

The trial court erred in granting summary judgment to Mullis based upon OCGA § 9-11-60 (f). Because the burden as to Wells' motion for summary judgment was upon Wells, and because there are genuine issues of material fact as to whether the negligence suit was in fact settled, as well as issues of law which have not been resolved by the trial court, the court did not err in overruling Wells' motion for summary judgment. Nothing stated in this opinion is intended to suggest that either party is entitled to prevail over the other on the merits.

*Judgment reversed in part; affirmed in part. All the Justices concur.*

DECIDED FEBRUARY 13, 1986.

*A. G. Wells, Jr.,* for appellant.
*Michael A. Lewanski,* for appellee.