45560. GLEN OAK, INC. v. HENDERSON.
(369 SE2d 736)

MARSHALL, Chief Justice.

In this third of three lawsuits resulting from a lease contract and a contract for the purchase and sale of Henderson's sod business, the trial court granted an interlocutory injunction, and held that not subject to either res judicata or collateral estoppel were the issues of (1) possession and past-due rent of the three-acre tract, (2) instalment payments under the business-purchase agreement, and (3) the sod-acreage rental payments. Glen Oak appeals; we affirm.

1. The trial court clearly had the equitable power to issue the injunction to enjoin levy and execution. OCGA § 9-5-3(b); *Wells v. Mullis,* 255 Ga. 426 (339 SE2d 574) (1986); *Shurley v. Black,* 156 Ga. 683 (3) (119 SE 618) (1923); *Giles v. Cook,* 146 Ga. 436 (91 SE 411) (1917). "In granting or refusing preliminary injunctive relief the trial

court has a wide discretion that will not be disturbed by this court unless a manifest abuse of that discretion is shown. [Cit.]," *Yost v. Southeastern Fidelity Ins. Co.,* 255 Ga. 179 (336 SE2d 248) (1985); OCGA § 9-5-8, or, as alternatively stated, unless there was no evidence on which to base the ruling. *Sea Island Bank v. First Bulloch Bank &c. Co.,* 245 Ga. 715, 716 (1) (267 SE2d 12) (1980).

(a) Glen Oak contends that the evidence does not support the trial judge's finding that it "may be insolvent" and further contends that there is no precedent in this state justifying an injunction on that ground.

The evidence at the interlocutory hearing, while not conclusive, clearly suffices to support the ruling. Henderson testified that there was no physical evidence of Glen Oak's conducting business on his property, either by having any mailbox on it or by having any phone listing. Instead, a distinct corporation, "Glen Oak Turf, Inc.," was shown to be using the premises and mailing address formerly used by Glen Oak. Furthermore, in its original responsive pleadings, Glen Oak denied the allegation that it has a place of business engaged in business in Gwinnett County. Additionally, in the deposition of Lewis Flynn, Jr., who claimed to be the president of Glen Oak, uncertainty was expressed regarding the actual officers and directors of the corporation and whether a directors' meeting had occurred in 1987.[1] Flynn stated, moreover, that Glen Oak had made no profit for the years 1983-86 and had terminated the sod-production portion of its lease with Henderson in April 1986. Given such facts and the fact that Glen Oak failed to introduce any rebuttal evidence at the hearing, while refusing to comply with Henderson's discovery requests, the evidence strongly supported the trial court's finding of Glen Oak's possible insolvency.

This court, for its part, has recognized that the enforcement of a judgment may be enjoined under principles of equitable set-off (including the potential insolvency of the judgment creditor) until the judgment debtor has the opportunity to establish his claims against the judgment creditor. *Odom v. Attaway,* 172 Ga. 311 (3) (157 SE 871) (1931); *Harris v. Gano,* 117 Ga. 934 (44 SE 11) (1903).[2]

(b) The injunction may also have been justified to enjoin collection of a judgment already paid. *Wells v. Mullis,* 255 Ga. 426, supra; *Shurley v. Black,* 156 Ga. 683, supra. Glen Oak's lawyer wrote Hen-

---

[1] Flynn also testified that, though Glen Oak formerly did business as "Chattahoochee Sod," that company was no longer in business and had no business operations outside of Gwinnett County.

[2] *Parker-Hensel Engineering Co. v. Schuler,* 133 Ga. 696 (66 SE 800) (1909), cited by the appellant, is inapposite, as it did not involve set-off, but merely the failure of the judgment debtor to obtain a supersedeas pending appeal.

derson's lawyer stating that Glen Oak was setting off against the judgment, the lease and business payments it owed Henderson. This evidences a plain intention to constitute payment on the judgment. See generally *Utzman v. Caribbean &c. Corp.*, 107 Ga. App. 56, 59 (129 SE2d 62) (1962). Glen Oak contends that Henderson's so-called "unliquidated" claims cannot be set-off against its judgment. However, aside from the letter claiming a set-off of these contractual amounts — thereby recognizing their liquidated nature — the lease and business-purchase payments due Henderson are established by the contracts, and thus do not have to be established by a jury. OCGA § 9-11-52; *Tallman Pools of Ga., Inc. v. Napier*, 137 Ga. App. 500 (224 SE2d 426) (1976). Furthermore, even if the claims are unliquidated, they can be set-off under OCGA § 23-2-76[3] and the cases, such as *Harris v. Gano*, 117 Ga. 934, supra.

(c) Glen Oak, by failing to argue it, has conceded the correctness of that portion of the injunction enjoining the execution of its judgment on Henderson's leasehold (usufructuary) interest. Such execution is prohibited by Henderson's lease and by OCGA § 44-7-1.

(d) Glen Oak argues that Henderson failed to persuade the trial court that he is likely to succeed on the merits of his claims, and for that reason was not entitled to an interlocutory injunction. Glen Oak has not shown us any place in the record indicating that the trial court was not so persuaded. Moreover, the function of a preliminary injunction is not to decide the case on the merits, and the possibility that the party obtaining a preliminary injunction may not win on the merits at the trial does not determine the propriety or validity of the trial court's granting the preliminary injunction. *Eastman Kodak Co. v. Fotomat Corp.*, 317 FSupp. 304 (N.D. Ga. 1969), appeal dismissed, 441 F2d 1079 (5th Cir. 1971).

(e) Glen Oak has failed to show that Henderson had an adequate remedy at law. The trial court could conclude from the evidence that: Glen Oak was attempting to sell property exempt from execution; it has no assets except its judgment against Henderson; the judgment may have been paid; any levy on the face amount of the fi. fa. would be excessive; the amount of the fi. fa. would be excessive; the amount owed on the judgment was at best uncertain; and execution would involve unique property. Finally, in light of these questions, the trial court, which already had the parties before it, was entitled to preserve the status quo to resolve the issues without engendering a greater multiplicity of suits than already exists. E.g., *Allstate Ins. Co. v. Hill*, 218 Ga. 430 (2) (128 SE2d 321) (1962).

---

[3] Which codifies the principle of equitable set-off, which provides an exception to the strictures of legal set-off.

2. The trial court properly held that Henderson's claims for rent and business-purchase payments maturing after the prior actions between the parties are not barred by either res judicata or estoppel by judgment.

(a) Since res judicata and collateral estoppel are affirmative defenses, Glen Oak bore the burden of proof. E.g., *Ranger Constr. Co. v. Robertshaw &c. Co.*, 166 Ga. App. 679 (4) (305 SE2d 361) (1983). The identity between the cause of action or issues raised in the present suit and those adjudicated in the prior action cannot be uncertain, indefinite, or based upon inferences.[4]

(b) Glen Oak has abandoned its original contention that the first of these three lawsuits creates a bar to the present action by failing to argue it.

(c) The second lawsuit of the three[5] sought damages for only the two quarterly rental instalments *then* past due. No payment (past, present or future) was past due under the business-purchase agreement at the time of that trial, hence none was sought. Glen Oak's liability for the "three-acre" rent was conditioned upon an election which it was not required to make until *subsequent* to the trial of the second lawsuit, i.e., not to exercise an option to renew the "sod-acreage" lease. Thus, the judgment in Case 2 cannot be res judicata as to liabilities arising after that judgment. *Puett v. McCannon*, 183 Ga. App. 152 (2) (358 SE2d 300) (1987); *Lowenberg v. Ford & Assoc.*, 165 Ga. App. 753 (302 SE2d 433) (1983); *Nickerson v. Candler Building*, 156 Ga. App. 396 (5) (274 SE2d 582) (1980).

(d) Glen Oak contends that Henderson was required to seek future rental in the prior suit because the parties' lease contains, in Glen Oak's view, an enforceable automatic acceleration clause, viz: "If the lessee defaults on this contract prior to the agreed period, the lessee will be responsible for payment in full for the full remaining annual lease payment if any is left unpaid." The trial court properly construed this provision to limit the lessee's liability to any balance due on any annual rental. There is nothing in the clause stating that any rent can be accelerated; indeed, the word "acceleration" is not even used. Contrast the lease, however, with the parties' business-purchase agreement, which explicitly provided for acceleration: "If the lessee defaults on this contract prior to the agreed period, the lessee will be responsible for payment in full (*accelerated*) for the remaining principal and interest balance owed on the sod business purchased." (Emphasis supplied.) Any statement by Henderson that the clause was an acceleration clause, was merely an opinion or conclusion

---

[4] E.g., *Gunnin v. Carlile*, 195 Ga. 861 (1) (25 SE2d 652) (1943), i.e., the defense must be sustained by "clear proof." *Uddyback v. George*, 223 Ga. 311, 312 (154 SE2d 577) (1967).

[5] See *Henderson v. Glen Oak, Inc.*, 256 Ga. 619 (351 SE2d 640) (1987).

and no admission at all, as contended by Glen Oak. E.g., *Scott v. Jefferson*, 174 Ga. App. 651 (1) (331 SE2d 1) (1985). Furthermore, even if the lease had contained an acceleration clause, it would have been illegal and void as a penalty, because it failed to meet any of the criteria for validity set forth in *Jones v. Clark*, 147 Ga. App. 657 (2) (249 SE2d 619) (1978).

(e) Glen Oak's conclusion that the issue of payments due in the future was in fact previously adjudicated, is not supported by the pleadings, evidence, verdict, judgment, or inference. The only demand for instalment payments, rental or otherwise, in Case 2 was for the two *past-due* rental instalments. The jury was not charged as to any other such damages, and both the verdict and the judgment are silent concerning any "accelerated" instalments. Henderson's opening argument indicated that only past-due rent and punitive damages were sought. Since evidence which arguably would have permitted the jury to have adjudicated the issue of future instalments was relevant to issues genuinely in the case (Glen Oak itself claimed breaches of both the lease and the business-purchase agreement), the admission of this evidence, unobjected to, gave no implied consent to the trial of this unpled issue. *Southern Discount Co. v. Kirkland*, 181 Ga. App. 263, 267 (3) (351 SE2d 685) (1986).

(f) Glen Oak argues that, since a breach of the lease was a breach of the business-purchase agreement, in which the lease was incorporated, a suit on the lease is a suit on the business-purchase agreement. However, since the triggering event (default under the lease) was adjudicated in Glen Oak's favor in the prior action, there obviously was no right of acceleration of the business payments.

(g) Contrary to Glen Oak's contention, the trial court did not allow the issue to go to the jury by denying its motion to strike the demand for merely the one (1985) instalment. During the colloquy surrounding this motion, Henderson's counsel stated that they had not even made the decision to seek a verdict for accelerated rental. Nor did Henderson's closing argument to the jury, even if not timely objected to, amend the cause of action/claim. See *Baker v. Davis*, 127 Ga. 649 (11) (57 SE 62) (1907); *Odom v. Attaway*, 41 Ga. App. 51 (5) (152 SE 148) (1930). Similarly, Henderson's appellate argument, even if properly characterized by Glen Oak, was incapable of putting a matter in issue which was not in issue in the trial court.

The jury's verdict in the second lawsuit does not, on its face, address the issues now sought to be precluded. Glen Oak's enumeration of the "proven" damages, even if not incorrect, is merely speculation, as a jury can award what it pleases within the range of the evidence. *C & S Nat. Bank v. Haskins*, 254 Ga. 131 (2) (327 SE2d 192) (1985). In the second lawsuit, Glen Oak filed numerous defenses and counterclaims, and it is impossible to determine with certainty on what basis

the jury decided its verdict, so as to apply the bar of res judicata. See *Cravey v. Druggists &c. Ice-Cream Co.*, 66 Ga. App. 909 (2) (19 SE2d 845) (1942).

3. The order was not void for lack of either findings of fact or conclusions of law. These elements are no longer required, absent timely request, under the provisions of OCGA § 9-11-52 as amended.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1988 —
RECONSIDERATION DENIED JULY 29, 1988.

*Webb, Fowler & Tanner, Jones Webb, W. Howard Fowler, Anthony O. L. Powell,* for appellant.

*Tennant, Davidson, Thompson & Sweeny, Gerald Davidson, Jr., Teresa Thomas Aitkens, Chilivis & Grindler, John K. Larkins, Jr.,* for appellee.