A05A1767, A05A1768. SBP MANAGEMENT, LLC v. PRICE
(two cases).
(625 SE2d 523)

MILLER, Judge.

On the same day that SBP Management, LLC (SBP) signed an agreement to purchase Calamity Price's house, the two parties signed a lease allowing Price to remain in the house as a tenant. When Price failed to pay rent, SBP brought a dispossessory action against her. After a bench trial, the trial court ruled that although Price was indeed in default under the lease, SBP had "interfered" with her contract with her mortgage holder, and that the court would therefore "leave the parties to [the] action where it found them." When SBP brought another action for holding over, the trial court held that its first ruling was res judicata as to claims alleged in the second action and dismissed the latter lawsuit. Since there was no evidence to support these rulings, and since SBP's motion for new trial should have been granted, we reverse in both cases.

In July 2004, Price entered into an agreement to sell her home to a land trust. Under the agreement, the land trust reinstated and assumed responsibility for monthly payments on Price's mortgage of over $69,000, subject to the lender's consent. At the same closing, the parties entered into an "Occupancy Agreement" under which Price kept possession as a tenant and was responsible for paying monthly rent to SBP, the land trust's managing agent. SBP filed its first dispossessory action for nonpayment of rent a few months later. On November 29, the trial court made a finding that "the contract is unenforceable and [that] the case is more appropriate for Superior Court." The trial court did not transfer the case, however. SBP then filed a second dispossessory action (now Case No. A05A1767).

After a bench trial on this second action, the court issued an order finding that although Price was "in default as to payment of rent,"

SBP had "cooperated with [Price] to breach her contract with the holder of the security deed [on Price's former property]," and that SBP had therefore "interfered with that contract." The court concluded that it "[would] not grant any relief to [SBP] and [that it would] leave the parties to this action where it found them," and dismissed SBP's claim. The court's order was filed on January 14, 2005.

On February 10, 2005, SBP filed a notice of appeal to this Court. On February 14, however, SBP withdrew the notice of appeal and filed a motion for new trial asserting both insufficiency of the evidence and lack of subject matter jurisdiction. On February 25, SBP served a third dispossessory warrant on Price (now Case No. A05A1768), this time as a holdover tenant. On April 8, the trial court denied SBP's motion for new trial as untimely. That same day, the court also ruled in Price's favor in the third action, holding that since the parties and issues were "identical," res judicata applied.

On appeal in Case No. A05A1767, SBP contends that the court erred in denying its motion for new trial as untimely, and that the order dismissing the case was contrary to law and void.[1] On appeal in Case No. A05A1768, SBP contends that because the order determining the outcome of the second dispossessory action was void, it cannot have the effect of res judicata as to SBP's action for holding over.

*Case No. A05A1767*

1. SBP first argues that the trial court erred in denying its motion for new trial as untimely. We agree.

OCGA § 44-7-56 reads in relevant part: "Any judgment by the trial court shall be appealable pursuant to Chapters 2, 3, 6, and 7 of Title 5, provided that any such appeal shall be filed within seven days of the date such judgment was entered." In specifying that appeals are those proceedings taken "pursuant to Chapters 2, 3, 6, and 7 of Title 5" of the Code, however, OCGA § 44-7-56 distinguishes between *appeals* (including applications under OCGA § 5-6-35) on the one hand and *motions for new trial* on the other (described in Chapter 5 of the same title). See, e.g., OCGA §§ 5-5-40 (a) ("except in extraordinary cases," motion for new trial must be brought within 30 days of entry of judgment); 5-5-41 (defining extraordinary motion for new trial).

---

[1] SBP took its appeal from the trial court's order denying its motion for new trial within seven days. See OCGA §§ 5-6-38 (a) (notice of appeal must be filed within 30 days "after the entry of the order granting, overruling, or otherwise finally disposing of the motion [for new trial]"); 44-7-56 (appeals in dispossessory actions, including those proceeding under Chapter 6 of Title 5, must be taken within seven days of judgment).

Here, SBP's motion for new trial was brought within 30 days of the trial court's order dismissing the action. We therefore conclude that the trial court erred as a matter of law when it denied the motion as untimely. See OCGA §§ 5-5-40 (a); 5-6-38 (a); *Martin v. Williams,* 263 Ga. 707, 710-711 (3), n. 4 (438 SE2d 353) (1994) (losing party should be given an opportunity to make a motion for new trial before filing an appeal); *Hughes v. Newell,* 152 Ga. App. 618 (1) (263 SE2d 505) (1979) (pendency of motion for new trial extends time for filing notice of appeal).

2. SBP next contends that the trial court's order was in error because there was no evidence to support its findings and that the order was void due to lack of subject matter jurisdiction concerning Price's contract with her mortgage holder. We agree that there was no evidence to support the trial court's findings.

Both state courts and superior courts have jurisdiction over cases where a tenant holds possession of land, including actions for non-payment of rent and for holding over. OCGA § 44-7-50 (a). It is well settled that these summary proceedings involve possession only, and do not concern title to land. *Roberts v. Collins,* 199 Ga. App. 614 (2) (405 SE2d 508) (1991). Specifically, a former owner, now a tenant, cannot defend a dispossessory action by means of a claim that the contract by which the new owner and landlord obtained title to the land is void. *Womack v. Columbus Rentals,* 223 Ga. App. 501, 504 (3) (478 SE2d 611) (1996); *Crawford v. Crawford,* 139 Ga. 394, 399 (77 SE 557) (1913).

We find it unnecessary to reach the question whether the trial court exceeded its subject matter jurisdiction because its order denying a new trial on the general grounds was erroneous as a matter of law. In its order of January 14, the court found that although Price was in default as a tenant, SBP's purchase of the property had "interfered" with the contract between Price and the holder of her security deed. Price had no basis for pleading any defect arising from the transfer of the property, however. Thus she had no basis for pleading, nor did the trial court have any basis for considering, a contractual relationship predating that transfer. Since there was no evidence to support the trial court's verdict refusing relief to SBP, then, the trial court abused its discretion when it refused to grant SBP's motion for new trial. *Womack,* supra, 223 Ga. App. at 504 (3) (when tenant pleads matters concerning foreclosure, landlord obtains judgment on the pleadings "unless and until that foreclosure is set aside").

*Case No. A05A1768*

SBP commenced this action when it filed a third dispossessory warrant alleging both nonpayment of rent and holding over. The trial court held that its order disposing of the second action had the effect of res judicata on this action as well.

Here, the third dispossessory action included a claim for rent owed for February 2005. Since the trial court erred in denying SBP's motion for new trial concerning its verdict and order of January 14, and since the third action includes a claim for rent due accruing after that time, the court's order cannot operate as res judicata on the action for holding over. See *Lowenberg v. Ford & Assoc.*, 165 Ga. App. 753, 754 (302 SE2d 433) (1983) (first dispossessory action does not act as res judicata of second action for rent becoming due after bringing of first suit).

*Judgments reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 4, 2006.

*Wasson, Sours & Harris, Gene E. Massafra,* for appellant.
Calamity Price, *pro se.*