A07A1957. EXECUTIVE FITNESS, LLC et al. v. HEALEY BUILDING LIMITED PARTNERSHIP.
(660 SE2d 26)

JOHNSON, Presiding Judge.

Executive Fitness, LLC, entered into a commercial lease agreement in September 2001, to rent space from Healey Building Limited Partnership. In October 2003, Executive Fitness executed a promissory note in favor of Healey Building for improvements funded by Healey Building and for rent and expenses due in August and September 2003. The president of Executive Fitness, Mark Montgomery, signed both documents as guarantor.

In June 2004, when Executive Fitness failed to pay the rent due, Healey Building sued it and Montgomery for rent due through May 2004. The lease was not terminated, and Executive Fitness remained in possession of the premises.

In March 2005, while the action for rent was still pending, Executive Fitness entered into a sublease with Impact Sports, LLC, wherein Impact Sports agreed to sublease the premises from Executive Fitness. The master lease between Healey Building and Executive Fitness required Healey Building's advance written consent to any assignment of the lease or sublease of the premises. The master lease also provided that such consent shall be preconditioned upon, among other things, Executive Fitness "remain[ing] primarily liable under this Lease and shall guaranty the Lease if Landlord so requests." Healey Building signed a document consenting to the sublease between Executive Fitness and Impact Sports. Healey Building did not release Executive Fitness from the original lease. Impact Sports eventually defaulted on its rent payments and filed for bankruptcy protection.

In August 2005, at the trial of Healey Building's action against Executive Fitness for rent, Executive Fitness submitted a confession of judgment to the court, admitting liability under the lease and guaranty for past due rents through May 2004. The confession of judgment was entered as the judgment of the court. Healey Building had not amended the complaint to seek rent payments which accrued while the suit was pending.

In March 2006, Healey Building filed a second action against Executive Fitness and Mark Montgomery (collectively, Executive Fitness), alleging Executive Fitness defaulted on the lease, the

promissory note, and the guaranties. Healey Building sued for rent that accrued after the first action was filed, and for payments due under the promissory note. The trial court granted summary judgment to Healey Building on its claim to recover money due under the promissory note and rent which accrued after the judgment was entered in the first suit, but denied summary judgment on Healey Building's claim for rent which accrued between the date the first suit was filed and the date judgment was entered thereon. Executive Fitness appeals from the grant of summary judgment to Healey Building.

1. In three separate enumerations of error, Executive Fitness contends the trial court erred in holding that the second action was not barred by the doctrine of res judicata. According to Executive Fitness, Healey Building was required to assert all claims arising out of the underlying facts in one proceeding. This argument is without merit.

In order for res judicata to bar the subsequent action, three requirements must be met: the first action must have involved an adjudication by a court of competent jurisdiction; the two actions must have an identity of parties and subject matter; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action.[1] In this case, the third requirement was not satisfied because Healey Building did not have a full and fair opportunity to litigate its right to payments that had not yet become due at the time of the first judgment. The second requirement was not met because the subject matter was not identical.

Where suit is brought on a written contract for rent payable in installments, a recovery cannot be had for installments falling due after the suit is commenced.[2] Each installment under a contract constitutes a different cause of action on which an action can be brought, even though all are provided for in the same contract.[3] Here, the lease was still in effect at the time the first suit was commenced, and the rent sought in the second suit had not yet accrued.[4] There-

---

[1] See *Intl. Biochemical Indus. v. Jamestown Mgmt. Corp.*, 262 Ga. App. 770, 774 (1) (586 SE2d 442) (2003).

[2] Id.

[3] Id.

[4] The trial court did not award Healey Building Limited Partnership rent which accrued after the first suit was filed but before judgment was entered, since Healey Building Limited Partnership could have but failed to amend its complaint before judgment to recover those amounts in the first action. That ruling is not an issue on appeal.

fore, res judicata does not bar Healey Building's action for later-accruing rent.[5]

Nor does res judicata bar the action on the promissory note. The lease contract provided for the payment of rent, while the promissory note provided for payments for improvements to the premises. These were not "identical causes of action" because they stemmed from two separate contracts.[6] Though multiple claims may be joined, a plaintiff is not required to bring all possible causes of action against a defendant in one suit.[7] And, at the time the first lawsuit was filed, payments under the promissory note had not yet become due. Thus, the trial court did not err in holding that the lease agreement and promissory note were separate instruments involving different subject matters and could be sued upon separately.

2. Executive Fitness contends the trial court erred by holding that the sublease does not release it from liability under the master lease. According to Executive Fitness, "the sublease places the entirety of the rental obligation on the sublessee." We disagree.

In this case, the tenant entered into a separate contract with a sublessee. The only parties to the sublease are Executive Fitness and Impact Sports. Healey Building, which is not a party to the sublease, consented to the sublease and executed "Exhibit 'B' Landlord's Consent to Sublease Agreement." That exhibit provides that Healey Building, as landlord under the master lease, consents to the sublease agreement "without waiving any restriction of the Master Lease concerning assignment or subletting. *Nothing contained herein shall be deemed to modify or amend the Master Lease or Sublessor's obligations thereunder*." (Emphasis supplied.)

Executive Fitness argues that the sublease language — "Tenant shall remain primarily liable under this lease and shall guaranty the lease if Landlord so requests" — indicates that it has not remained primarily liable. According to Executive Fitness, "the sublease does not require or request [Executive Fitness] to remain liable nor guaranty the original lease." However, the phrase "if Landlord so requests" modifies "shall guaranty the lease," not "Tenant shall remain primarily liable."[8] In any event, it is clear from the language of the lease and the sublease that Executive Fitness remained liable for the rent obligations under the master lease.

3. Executive Fitness contends the trial court erred in failing to rule that it has no rent obligation for the first 12 months of the

---

[5] See *SBP Mgmt. v. Price*, 277 Ga. App. 130, 133 (2) (625 SE2d 523) (2006).

[6] See *Ogden v. Auto-Owners Ins. Co.*, 251 Ga. App. 723, 727 (2) (554 SE2d 575) (2001).

[7] See generally id.

[8] See generally *L & B Constr. Co. v. Ragan Enterprises*, 267 Ga. 809, 813 (482 SE2d 279) (1997).

sublease period when the sublease clearly provides there shall be no rent for the first 12 months. This argument is without merit.

Contrary to Executive Fitness' contention, the sublease was not a novation of the original rental agreement.[9] Regardless of any agreement between Executive Fitness and its sublessee regarding a rent-free period, the sublease does not relieve Executive Fitness of its obligations under the master lease to pay rent to Healey Building. The sublease agreement governs what Executive Fitness can recover from Impact Sports, not what Healey Building can recover from Executive Fitness.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MARCH 10, 2008 —
RECONSIDERATION DENIED MARCH 27, 2008 — 

*Michael J. Kramer*, for appellants.
*Flint & Adler, Shira Adler*, for appellee.

---

[9] A novation or accord and satisfaction is in itself a contract and must have all the elements of a de novo contract. *Georgialina Enterprises v. Frakes*, 250 Ga. App. 250, 253 (551 SE2d 95) (2001). There must be, inter alia, the extinguishment of the old contract. In the absence thereof, there can be no novation. Id. Thus, it must appear that the person substituted for the debtor was, by agreement between the creditor, the debtor, and himself, substituted for the original debtor, who was released from the promise. Id. It must be shown that the person substituted as the debtor in the place of the person released became such as the result of an agreement in which all three concurred. Id.