23381.  STATE HIGHWAY DEPARTMENT et al. v. C. F. WILLIAMS LUMBER COMPANY et al.

ARGUED MARCH 14, 1966—DECIDED MARCH 23, 1966— REHEARING DENIED MARCH 30, 1966.

24

Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, C. M. Evert, for appellants.

Foley, Chappell, Young, Hollis & Schloth, Richard Y. Bradley, for appellees.

DUCKWORTH, Chief Justice. ■ Putting aside for the present any question as to the need for a petitioner to allege a right in himself that is legally valid, which will be treated in Division 2 of this opinion, we hold that the present petitioner shows a right to declaratory relief. Cohen v. Reisman, 203 Ga. 684 (48 SE2d 113). It alleges that both the petitioners and the defendants claim title to the land involved and that the petitioners desire to erect improvements thereon but wish to settle any uncertainty as to the title before investing in the improvements. This is a clear case of needing "the lights turned on" before stepping into darkness, and a declaratory judgment is the proper remedy. But we reject the apparent contention of counsel, as evidenced by quoting extensively from Anderson on Declaratory Judgments, 2d Ed., Vol. 1, Par. 318, p. 140, et seq., and citation of Georgia Cas. & Surety Co. v. Turner, 86 Ga. App. 418 (71 SE2d 773), and a long list of decisions of the Court of Appeals that whether or not the basis of petitioners' claim constitutes a lawful

right, can not be reached by demurrer. The demurrer challenges the legal sufficiency of the petition and the right of petitioners to have their dispute based thereon tried. If not, the demurrer requires a dismissal since there is no legal right shown.

■ The heart of the case is a purported reverter clause in the deed conveying the lands herein involved in fee simple from Muscogee County to the State Highway Department. That clause is as follows: "In case the right of way is abandoned as a highway location, same shall revert *to the property from which it is taken.*" (Italics ours). No sound construction of this clause can overlook the words we have emphasized. First, this record shows that the county owned only the right of way which it conveyed in fee simple by its deed containing this clause. It must inevitably follow that the right of way was at that time taken from no other property, and that by its terms it could revert to no property except that from which it was by that deed taken, which was precisely nothing. We are not here dealing with a petition to reform the reverter clause; therefore we have no choice but to accept its unambiguous term, "property from which it is taken." We can not by judicial fiat change this term to make it read: "from which it was taken by the previous deed from Heard to Muscogee County." Indeed, we can not alter the clause, and as written it does not refer to the abutting lands since the county's deed did not take it from such lands.

While what we have said demonstrates that the petitioners as owners of the abutting lands received nothing under this reverter clause, we note further that only a person or legal entity can receive title to land; consequently, to revert to property is not vesting title thereto in the owners of that property. Although no reason appears why the county would wish to donate this land to just anyone who might own the adjoining lands, it is possible that the county wished to do that. Had that been the intention, the county could have said so by providing that it would revert to the owners of the abutting land. If the parties to the deed could not write these directions for reversion but deliberately employed terms that did not accomplish that

result, this court will not so write for them contrary to the law that requires us to accept the clause as written.

For the foregoing reasons the reverter clause is too indefinite to be valid and is a nullity. Consequently, the petition with its exhibits, including the deed containing this clause, shows on its face that the petitioners have no title or interest in the subject matter of the suit, and it should have been dismissed on demurrer. The court erred in failing to do so.

*Judgment reversed. All the Justices concur.*