24537.   CAMPBELL et al. v. CITY OF COLUMBUS.

ARGUED MARCH 12, 1968—DECIDED APRIL 8, 1968—
REHEARING DENIED APRIL 22, 1968.

Roberts & Thornton, Jack M. Thornton, for appellants.

James H. Fort, E. Mullins Whisnant, Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs, for appellees.

NICHOLS, Justice. Where a petition seeking a declaratory judgment shows on its face that the plaintiff is not entitled to the relief sought, such defect may be reached by motion to dismiss upon the ground that the petition fails to state a claim. See State Hwy. Dept. v. Williams Lumber Co., 222 Ga. 23 (148 SE2d 426); Kinnon v. Mercer, 114 Ga. App. 404 (151 SE2d 540).

The petition in the present case has attached as exhibits the resolutions of the governing authority of the City of Columbus. The first of these resolutions, dated April 11, 1966, declares the property to be no longer of use as a public street and abandons such property as a public street.

The charter of the City of Columbus (Ga. L. 1921, pp. 800, 813), provides in Sec. 11 that the mayor shall not have a veto power over the actions taken by the city commission but shall have a vote in their proceedings. In lieu of a veto power such charter provides in Sec. 18 that ordinances and resolutions shall not become effective until thirty days after their passage, thus giving the commission thirty days in which to rescind an ill considered action taken by it; and while an ordinance, under Sec. 17 of the charter, must be introduced at a meeting prior to the one where it is passed a resolution may be introduced and passed at the same meeting. As to the distinction between resolutions and ordinances, see Allen v. Wise, 204 Ga. 415 (50 SE2d 69), and citations. A resolution was the proper instrument to handle the abandonment of a street.

Unlike the situation in Young v. Sweetbriar, Inc., 222 Ga. 262 (149 SE2d 474), the abandonment here was not based upon mere alleged non-use; nor is the present action one by abutting property owners seeking to enjoin the appropriation of the land because of the passage of a resolution by the city not based upon the public interest, as was Dunlap v. Tift, 209 Ga. 201 (71 SE2d 237).

Section 3, Subsection 10 (B) of the charter of the City of Columbus, supra, specifically authorizes the commission to close streets within the city. The same power is included in the Act of 1962 (Ga. L. 1962, pp. 140, 143; *Code Ann.* § 69-312). The exercise of such power by the commission on April 11, 1966, became effective thirty days thereafter and the second resolution of June 6, 1966, attempting to rescind the first resolution was on its face a nullity since the right to the expressly abandoned street vested when the first resolution became effective and the city no longer had any interest in such street. See *Harbuck v. Richland Box Co.*, 207 Ga. 537 (63 SE2d 333).

The petition showing that the city has no interest in the street was subject to the motion to dismiss for failure to state a claim and it is therefore unnecessary to determine the validity or intent of the reverter clause contained in the deed from the original subdividers to the county. See *Marietta Chair Co. v. Henderson*, 121 Ga. 399 (49 SE 312, 104 ASR 156, 2AC 83). The judgment overruling the motion to dismiss the petition must be reversed.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. There are several reasons why I can not concur in the majority opinion.

It should be remembered that the deed to the county conveying this right of way conveyed the *fee* and not just an *easement* since the reverter clause is a nullity. *State Hwy. Dept. v. Williams Lbr. Co.*, 222 Ga. 23 (148 SE2d 426). This means that even if the city abandoned it as a street it did not thereupon become the property of the abutting owners, nor did it deprive the city of its right to prevent any trespass thereon. The mere fact that the deed was to the county and thereafter the city incorporated it, does not deprive the city of the title previously held by the county. Furthermore, all purchases of lots in the subdivision with reference to a plat showing this street invested the purchasers with an indisputable right to use the street. *Davis v. City of Valdosta*, 223 Ga. 523 (156 SE2d 345).

This is a suit seeking a declaratory judgment. Confronted with the fact of the city's owning the fee to this street, and others obstructing it, and the two resolutions by the city, thus standing

in danger from the left and the right, declarations of the rights of the parties was a definite and pressing necessity if injury was to be avoided. If declaratory judgment is denied here, it is difficult to see a situation when it would be available.

Despite any charter provision limiting the time when the city may rescind a resolution, the pleaded facts here show that the first resolution was adopted under a mistake of fact, and the second was to repeal the first. Without quibbling over whether it was too late to repeal the first resolution, the irrefutable facts are that since the first resolution merely abandoned the use of the right of way as a street, and did not, and could not divest the city of the title thereto, it was clearly within the right and power to renew by the second resolution the city's obligation to keep the right of way open as a street. Since the city owned the right of way in fee simple, the reverter clause being void, neither purchase nor condemnation was necessary to authorize the city to clear the right of way of obstructions, adopt it again as a street and enjoin obstructions thereof.

While I believe the foregoing is irrefutable, the purchasers of lots in this subdivision can keep this street, and the city can, if necessary, condemn and retain this street, all after "chasing rainbows" at great expense. I therefore for the reasons plainly stated dissent.