A90A1470. ROWE et al. v. STEVE ALLEN & ASSOCIATES, INC.
(398 SE2d 717)

BANKE, Presiding Judge.

The appellants purchased a residential lot from the appellee developer on which they later constructed a home. They filed this action against the appellee and against their builder, seeking to recover for settlement damage to the home which occurred because a portion of the foundation was built over a landfill pit consisting of buried stumps, limbs, trash and construction debris. They voluntarily dismissed the claim against the builder just prior to trial, and a jury thereafter returned a verdict in favor of the appellee. In this appeal from the denial of their motion for new trial, they contend that the trial court erred in denying their request for a jury charge which would have permitted them to recover on the theory of nuisance in addition to the fraudulent concealment theory of recovery set forth in the complaint. See generally OCGA § 41-1-1.

The appellants purchased the lot from the appellee in the summer of 1981. Construction of the home was commenced in the summer of 1983 and was substantially completed by March of 1984. The appellants first began to notice cracking and other signs of settlement in 1986 and learned of the existence of the landfill pit late in 1987, after hiring an engineer to determine the source of the problem. They filed the present action on February 1, 1988, alleging that the appellee had fraudulently concealed the existence of the pit from them when they purchased the property and, by creating it, had engaged in "inherently dangerous and illegal activity which violated standards and practices of the building and construction industry." Their claim against the builder, which, as previously indicated, they voluntarily dismissed just prior to trial, was based on allegations that he had "contributed to the problem created by [the appellee] by further digging and dumping trash in the hole and in failing to recognize the

apparent problem. . . ." *Held*:

" 'Where the original nuisance to land is of a permanent character, so that the damages inflicted thereby are permanent, a recovery not only may, but must, be had for the entire damages, in one action; and such damages accrue from the time the nuisance is created, and from that time the statute of limitations begins to run. In the case of nuisances which are transient rather than permanent in their character, the continuance of the injurious acts is considered a new nuisance, for which a fresh action will lie; and although the original cause of action is barred, damages may be recovered for the continuance of the nuisance.' [Cit.]" *City Council of Augusta v. Lombard*, 101 Ga. 724, 727 (28 SE 994) (1897).

The appellee obviously cannot be deemed to have maintained, controlled or continued the alleged nuisance created by the landfill pit subsequent to the appellants' purchase of the property in 1981. Compare *City of Columbus v. Myszka*, 246 Ga. 571, 572 (2) (272 SE2d 302) (1980); *Cox v. Cambridge Square Towne Houses*, 239 Ga. 127 (236 SE2d 73) (1977); *Citizens & Southern Trust Co. v. Phillips Petroleum Co.*, 192 Ga. App. 499 (2) (385 SE2d 426) (1989). Therefore, assuming arguendo that the appellants at one time had a cause of action against him based on nuisance, the four-year limitation period applicable to actions for damage to real estate had long since expired on that cause of action by the time the present suit was filed in 1988. See OCGA § 9-3-30. It follows that the trial court did not err in refusing to charge on nuisance.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 9, 1990 —
REHEARING DENIED NOVEMBER 1, 1990 —

*William R. Hurst*, for appellants.
*Chestnut & Livingston, Tom Pye,* for appellee.