A96A0587. ADAMS v. CITY OF ILA.
(471 SE2d 310)

POPE, Presiding Judge.

Plaintiff City of Ila, Georgia, contracted with Georgia Natural Gas Company to have a gas main placed within the southern right-of-way of Pecan Street. Upon finding out about the project, defendant Mary Adams, who owns the property adjacent to this right-of-way, contacted the gas company and informed it that she was the owner of the street and right-of-way. Additionally, she threatened to sue the gas company if it proceeded with the project. Thereafter, the gas company informed the City that it would not proceed with the project until the matter was resolved. As a result, the City filed a declaratory judgment action against Adams seeking to be declared the owner in fee simple of the Pecan Street right-of-way and to have Adams enjoined from further interfering with the project. After Adams answered the City's complaint, the trial court conducted a hearing on the matter and issued an order granting the relief sought by the City. We affirm.

1. At the hearing, Adams requested a jury trial. In her first enumeration, she contends that the trial court erred in failing to grant her request. We disagree. "The right to a jury trial in a declaratory judgment action arises only if there is an issue of fact which requires submission to a jury and jury trial has not been waived. OCGA §§ 9-4-5; 9-4-6." *King v. Baker*, 214 Ga. App. 229, 231 (1) (447 SE2d 129) (1994). During the hearing, the City introduced into evidence, without objection, three certified copies of duly recorded right-of-way deeds to demonstrate that it was the fee simple owner of a 30-foot right-of-way running along the centerline of Pecan Street. One of the deeds was executed by Adams' deceased husband on October 18, 1971, and recorded on October 20, 1971. Adams argues that because the certified copy of the recorded deed from her husband does not contain an actual copy of his signature, but rather his type-written name, and because Adams does not remember her husband executing the deed, an issue of fact exists regarding whether her husband really executed the deed. This argument is meritless.

As the trial court judicially noticed, in the county where the deed was recorded, the standard practice in 1971 was to have all deeds, including any signatures contained thereon, typed into the record because no photocopy machines were available in the county at that time. Such a practice is clearly authorized by OCGA § 44-2-25, which provides that "[a]ll decrees, deeds, mortgages, or other instruments

affecting the title to land shall be recorded by the clerk of the superior court by use of printing, typewriting, handwriting in ink, photostating, or photographing. . . ." Consequently, absent the filing of an affidavit of forgery on Adams' part, even though the City could not locate the original deed, there is no issue of fact for jury determination as to the genuineness of the deed executed by her husband. See OCGA §§ 44-2-23, 24-5-27; *McCall v. Asbury*, 190 Ga. 493, 498 (9 SE2d 765) (1940); *Guthrie v. Gaskins*, 171 Ga. 303 (155 SE 185) (1930).

There also is no merit to Adams' contention that an issue of fact exists for jury consideration concerning the sufficiency of the property description found in the deed executed by her husband. "The sufficiency of a property description is a question of law for the court; the identity of the property is a question of fact. [Cit.]" *Lawyers Title Ins. Corp. v. Nash*, 196 Ga. App. 543 (1), 544 (396 SE2d 284) (1990). In the instant case, the identity of the property is not in dispute, so there is no question of fact to be resolved. Additionally, the property description makes reference to the Militia District in which the right-of-way is located, and defines the right-of-way specifically by referring to and incorporating Pecan Street's pre-existing roadway. As such, we conclude that "the deed contains sufficient 'keys' to clarify any indefiniteness in the property description." Id. at 544. Accordingly, the trial court did not err in determining as a matter of law that the deed conveyed a 30-foot right-of-way to the City centered along the pre-existing centerline of Pecan Street.

2. In her second enumeration of error, Adams contends that the trial court improperly allowed the City to bring a declaratory judgment action in this case because there was no actual controversy between the parties in that all rights of the parties had accrued prior to the filing of the City's complaint. We find no merit to this contention. The record clearly demonstrates that Adams challenged the City's use and ownership of the Pecan Street right-of-way, and that she directly interfered with the City's intention and contract with the gas company to have a gas main erected within the right-of-way. In this state a declaratory judgment action is an appropriate means of settling a dispute in which two parties each claim title to a right-of-way and the moving party desires to erect improvements within said right-of-way, but first wishes to settle any uncertainty as to title to the property. See *State Hwy. Dept. v. C. F. Williams Lumber Co.*, 222 Ga. 23, 24 (1) (148 SE2d 426) (1966). Here, the City needed " 'the lights turned on' before stepping into darkness, and a declaratory judgment [was] the proper remedy." Id.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED MAY 10, 1996.

*W. Glover Housman, Jr.*, for appellant.
*Graham & Associates, Felix P. Graham, Jr., Victor Y. Johnson*, for appellee.