A97A2037. MACKO et al. v. CITY OF LAWRENCEVILLE et al.

(499 SE2d 707)

SMITH, Judge.

William and Patricia Macko brought this complaint for declaratory judgment, abatement of a nuisance, and damages. They appeal from the Gwinnett County Superior Court's grant of summary judgment to the City of Lawrenceville, Appalachee Enterprises, Inc., and five adjacent property owners.

In 1986, Appalachee Enterprises, Inc. ("Appalachee"), a property developer, filed a subdivision plat in the real property records of Gwinnett County. Builder Gaines Brown constructed a home on Lot 90 of the subdivision property and sold it to the Mackos in December 1987. Unfortunately, the property flooded during heavy rains, allegedly causing significant property damage.

In August 1991, the Mackos sued Brown and the City of Lawrenceville, Georgia ("City"). The Mackos asserted that the City negligently allowed Brown to build their home in a defective manner, thereby creating a continuing nuisance, i.e., recurrent flooding. The City brought a third party claim against Appalachee. Following a jury trial, judgment was entered in favor of the Mackos for $60,000 against Brown and $90,000 against the City; the City was awarded $18,750 against Appalachee. The City appealed, and this Court reversed the judgment against the City. See *City of Lawrenceville v. Macko*, 211 Ga. App. 312 (439 SE2d 95) (1993) ("*Macko I*").

Subsequently, in September 1995, the Mackos filed this suit and named the City, Appalachee, and five adjacent property owners[1] as defendants. The complaint, as amended, alleged that the Mackos' property suffered recurrent flooding as a result of inadequate drainage from the neighboring properties and that such flooding constituted a continuing nuisance. The Mackos sought a declaratory judg-

---

[1] The neighbors named in the suit were Peggy C. Reedy, W. Lewis Johnson, Sr., William McKinney, James Pritchett, and Richard Wilson.

ment as to the liabilities of each defendant, abatement of the nuisance, and damages.

With one exception, all of the defendants moved separately for summary judgment. The Mackos also moved for summary judgment and declaratory relief. The trial court conducted a motions hearing on September 9, 1996, and thereafter granted the defendants' motions. The claim against the remaining defendant, James Pritchett, subsequently was dismissed by the trial court. The Mackos appeal.

1. In three enumerations of error, the Mackos assert the trial court erred in granting summary judgment to the City on the basis of res judicata or collateral estoppel. "OCGA § 9-12-40 provides that 'A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to *all matters put in issue or which under the rules of law might have been put in issue* in the cause wherein the judgment was rendered until the judgment is reversed or set aside.' OCGA § 9-12-42 provides that 'For a former judgment to be a bar to a subsequent action, the merits of the case must have been adjudicated.' These code sections together set out the basic principles of res judicata in Georgia. For res judicata to act as a bar of a subsequent action, the original and subsequent action must bear certain identical characteristics. The two actions must be between identical parties or their privies, and the cause of action in each suit must be identical. Collateral estoppel, like res judicata, requires identity of parties or privity. However, unlike res judicata, collateral estoppel does not require identity of the claim but only precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action. Further, the doctrine of res judicata will bar an action even if some new factual allegations have been made." (Citations and punctuation omitted; emphasis supplied.) *City of Macon v. Pasco Bldg. Systems*, 191 Ga. App. 48, 50 (380 SE2d 718) (1989); *Bradley v. Ga. Inst. of Technology*, 228 Ga. App. 216 (1) (a) (491 SE2d 453) (1997); *Matherly v. Kinney*, 227 Ga. App. 302, 304 (2) (489 SE2d 89) (1997); see also *Stone Man, Inc. v. Green*, 265 Ga. 877, 878 (463 SE2d 1) (1995).

In *Macko I*, supra, the City was a named defendant and made a third party claim against Appalachee; Appalachee answered and participated in the trial of the case. In reversing the trial court's verdict against the City, this Court specifically found that the City's approval of the subdivision plat did not constitute an acceptance of responsibility for the drainage system. *Macko I*, supra at 317. Further, there was "no evidence that the City exercised any control over this drainage system" so as to establish a duty to maintain it. Id.; see also *Hibbs v. City of Riverdale*, 267 Ga. 337, 338 (478 SE2d 121) (1996).

In *Hibbs*, the Supreme Court of Georgia held that "the *sole* act of approving a construction project which leads to an increase in surface water runoff cannot impose liability for creating or maintaining a nuisance," in the absence of evidence that the City assumed the responsibility of maintaining the drainage system. *Hibbs*, supra at 338. Accordingly, the issue of whether the City could be held liable for failure to maintain the drainage system was decided adversely to the Mackos in *Macko I*. In the present case, the Mackos' claim for a declaratory judgment against the City regarding its responsibility for maintaining the system therefore is barred by the doctrine of res judicata.

The Mackos' claims for abatement and damages were pled and adjudicated in *Macko I* as well and are also barred by res judicata. Further, any claims for damages allegedly occurring after *Macko I* are barred by collateral estoppel to the extent that such claims are premised upon the Mackos' assertions that the City is responsible for maintaining the subdivision's drainage system.

Because the Mackos' other claims of negligence by the City should have been raised in *Macko I*, they are also barred by res judicata. *Miller v. Steelmaster Material Handling Corp.*, 223 Ga. App. 532, 536-537 (478 SE2d 601) (1996). Although the Mackos assert that certain material facts of this case are different than those considered in *Macko I*, their citation to almost 200 pages of exhibits in the record and their generalized references to disparate treatment by the City are inadequate to support this contention. See Court of Appeals Rule 27 (c) (3) (i).

Even so, the Mackos insist that *Macko I* cannot be construed to bar the present action against the City because the "identity between the cause of action or issues raised in the present suit and those adjudicated in the prior action cannot be uncertain, indefinite, or based upon inferences." *Glen Oak v. Henderson*, 258 Ga. 455, 458 (369 SE2d 736) (1988). The complaining party, however, has the burden to perfect the record on appeal. *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984). In this case, the Mackos have not filed the record from the prior proceedings. Accordingly, they have not carried their burden of demonstrating error with regard to the application of the res judicata and collateral estoppel doctrines. *Petkas*, supra at 108; *Lee v. State Constr. &c. Bd.*, 205 Ga. App. 497, 498 (2) (423 SE2d 26) (1992); *Dashiell v. Standard Mgmt. Co.*, 174 Ga. App. 442 (1) (330 SE2d 179) (1985). We find no error in the trial court's grant of summary judgment to the City.

2. The Mackos are correct in their assertion that their claims against the remaining defendants are not barred by res judicata. The Mackos are not asserting that these defendants are joint tortfeasors with the City, nor are their claims against the City necessarily con-

tradictory to or mutually exclusive of their claims against the other defendants. See *Maxey v. Hosp. Auth. of Gwinnett County*, 245 Ga. 480, 481 (265 SE2d 779) (1980), overruled on other grounds, *Williams v. Physicians &c. Hosp.*, 249 Ga. 588 (292 SE2d 705) (1982); see also *Gilmore v. Fulton-DeKalb Hosp. Auth.*, 132 Ga. App. 879, 883 (209 SE2d 676) (1974). As such, the remaining defendants were not entitled to summary judgment on the ground of res judicata.

3. The Mackos assert that the subdivision developer, Appalachee, is responsible for creating a nuisance by negligently installing inadequate drainage pipes and curbs. The Mackos' cause of action against Appalachee for any nuisance created by Appalachee is barred by the applicable four-year statute of limitation unless it is a continuing nuisance. OCGA § 9-3-30. Id. The evidence showed that Appalachee's installation of the drainage system was completed prior to 1989, when the Mackos' property first flooded. As such, any nuisance created by the allegedly inadequate system was complete and apparent in 1989, more than four years prior to the filing of this suit. See *Southfund Partners v. City of Atlanta*, 221 Ga. App. 666, 669 (3) (472 SE2d 499) (1996); see also *Rowe v. Steve Allen & Assoc.*, 197 Ga. App. 452, 453 (398 SE2d 717) (1990). No evidence was presented that Appalachee took any action subsequent to 1989 that increased the flooding problem. Any nuisance created by Appalachee is therefore not a continuing nuisance, and the Mackos' cause of action against Appalachee is barred by the applicable four-year statute of limitation, OCGA § 9-3-30.

4. The Mackos assert that prior to purchasing his property in 1989, defendant Johnson contracted with Appalachee to fill in a detention pond and negligently extended drainage pipes, thereby contributing to the Mackos' flooding problems. But even if the Mackos' assertions are supported by the evidence, such actions were completed more than four years prior to the initiation of this suit and any claims based upon those actions are therefore barred by the statute of limitation. OCGA § 9-3-30; see also Division 3, supra.

5. The Mackos assert they are entitled to a declaratory judgment by the trial court as to which parties are responsible for maintaining and improving the drainage system. Throughout this case, the Mackos have asserted that the City accepted dedication of the drainage system and is therefore responsible for maintaining and repairing the drainage pipes. This assertion is supported by the Mackos' expert witness and is shared by the defendant property owners. But this issue was considered in *Macko I*, and this Court found that the City was not responsible for maintaining the system. See Division 1, supra. As a result, the only issue remaining for decision in this case is the Mackos' entitlement to a declaration that the defendant property owners have a duty to maintain or improve the drainage pipes.

Georgia's trial courts have the "power to determine and settle by declaration any justiciable controversy of a civil nature where it appears to the court that the ends of justice require that such should be made for the guidance and protection of the petitioner, and when such a declaration will relieve the petitioner from uncertainty and insecurity with respects to his rights, status, and legal relations." *Calvary Indep. Baptist Church v. City of Rome*, 208 Ga. 312, 314 (66 SE2d 726) (1951); see also OCGA § 9-4-2 (a), (b); *Adams v. City of Ila*, 221 Ga. App. 372, 373 (2) (471 SE2d 310) (1996).

No dispute exists in this case that the drainage pipes at issue run through the properties owned by defendants Reedy, Johnson, Wilson, and Pritchett. Further, evidence was presented that these pipes have not been maintained properly or that they are undersized, and that these problems have resulted in the flooding of the Mackos' property. A clear dispute exists, however, regarding which, if any, of the defendants are responsible for maintaining the pipes. The Mackos therefore have demonstrated their entitlement to a declaratory judgment establishing the rights and responsibilities of each party. The trial court erred in granting summary judgment to defendants Reedy, Johnson, Wilson, and Pritchett on the Mackos' claim for a declaratory judgment regarding this issue.

6. The Mackos maintain they were also entitled to have the trial court declare the proper method for alleviating the flooding. We do not agree. This matter is an engineering or construction problem and not a legal issue. It is not appropriate for a declaration of rights in a court of law. See generally *Liner v. City of Rossville*, 212 Ga. 664, 665 (94 SE2d 862) (1956); see also *Cook v. Sikes*, 210 Ga. 722 (82 SE2d 641) (1954).

7. The Mackos also assert that the trial court erred in failing to grant summary judgment in their favor on their request for a declaratory judgment as to the extent of the easements on the defendants' properties. Because disputed factual issues exist, the Mackos were not entitled to summary judgment on this issue. See OCGA §§ 9-4-5; 9-4-6; compare *Adams*, supra at 372-373 (1).

8. In addition to their request for a declaratory judgment, the Mackos petitioned the trial court to issue an order requiring the defendants to abate the nuisance. The Mackos assert the trial court erred in granting summary judgment to the defendants on the ground that the Mackos allegedly failed to give proper ante-litem notice pursuant to OCGA § 41-1-5 (b). This statute requires that, "Prior to commencement of [a nuisance] action by the alienee of the property injured against the alienee of the property causing the nuisance, there must be a request to abate the nuisance." OCGA § 41-1-5 (b). Mere passive or constructive knowledge by a defendant of the existence of a nuisance is insufficient to satisfy the requirements of

this statute. See *Ga. Power Co. v. Fincher*, 46 Ga. App. 524, 526 (168 SE 109) (1933). But the statutory notice requirement applies only to an alienee "who merely acquires property on which there is an existing nuisance, passively permits its continuance, and adds nothing thereto. [Cits.]" *Ga. Power Co. v. Moore*, 47 Ga. App. 411, 412 (170 SE 520) (1933). No ante-litem notice is necessary when the defendant alienee has altered the property so as to create or increase a nuisance. Id. at 412; *Savannah Elec. &c. Co. v. Horton*, 44 Ga. App. 578 (162 SE 299) (1932).

(a) If the trial court finds that defendants Reedy, Johnson, Wilson, and Pritchett are responsible for the maintenance, repair, and improvement of drainage pipes on their respective properties, then it must determine whether or not the defendants received adequate notice to abate the alleged nuisance under OCGA § 41-1-5 (b). Because the Mackos have presented no evidence that these defendants created a nuisance by negligently installing or altering the allegedly undersized drainage pipes,[2] each defendant is entitled to such notice before they can be held liable for their failure to abate the nuisance. The Mackos assert that they sent letters to defendants Reedy, Johnson, Wilson, and Pritchett on October 7, 1994. But those letters were legally insufficient to give the required notice to abate a nuisance caused by the allegedly undersized pipes.[3] These defendants therefore were entitled to summary judgment on the Mackos' request for abatement of the nuisance and their claim for damages resulting from flooding caused by the allegedly undersized drainage pipes.

(b) Further, although some evidence was presented that the drainage pipe on the Wilson property was broken, the Mackos' October 7, 1994 letter gave no notice of this problem or demand to abate. Summary judgment was appropriate as to the Mackos' request for an order of abatement of this alleged nuisance.

The Mackos *have* presented some evidence that the drainage pipe on defendant Reedy's property is broken and that this break contributes to the flooding. The Mackos specifically notified Reedy of this problem in a letter dated October 7, 1994 and requested that he

---

[2] The Mackos assert that Pritchett purchased and installed an inadequate drainage pipe on his property. But this assertion is not supported by a citation to evidence in the record and therefore will be treated as abandoned. Court of Appeals Rule 27 (c) (3) (i).

[3] The October 7, 1994 letters stated that the City "has placed the blame on the homeowners [for] not maintaining the drainage pipes in the subdivision." It then notified the defendants that "[i]f further litigation is necessary, you may be named as a party based on the city's position and the fact that compliance with applicable regulation may adversely impact your property. Naturally, we should take steps to ensure that the responsible parties assume responsibility for their mistakes and correct the drainage problems. I suggest that you contact the city in this regard."

"immediately correct it." We find this notice was adequate under OCGA § 41-1-5 (b), and the trial court therefore erred in granting summary judgment to Reedy on the Mackos' request for an order of abatement and damages for failure to abate the nuisance.

9. Under OCGA § 41-1-5, " 'maintenance' of a nuisance is the failure to abate the nuisance after notice by the injured party." *Hoffman v. Atlanta Gas Light Co.*, 206 Ga. App. 727, 731 (426 SE2d 387) (1992). Accordingly, any damages accruing prior to this notice are not recoverable. *Roberts v. Ga. R. &c. Co.*, 151 Ga. 241, 248-249 (106 SE 258) (1921).

10. As to defendant McKinney, there is no evidence that any drainage pipes run through his property. McKinney was therefore entitled to summary judgment on the declaratory judgment action. Further, the only negligence asserted against McKinney was his alleged failure to remove lawn debris in a timely manner. Even if this negligence amounted to a nuisance, the Mackos failed to give McKinney adequate notice to abate under OCGA § 41-1-5 (b). See Division 8, supra. Accordingly, there was no error in the trial court's grant of summary judgment to this defendant.

11. The remaining enumerations of error have been considered and addressed in the preceding divisions or have been found to be without merit.

*Judgment affirmed in part, reversed in part, and case remanded for consideration pursuant to this opinion. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 11, 1998 —
RECONSIDERATION DENIED MARCH 27, 1998 ▮

*Mottern & Van Gelderen, Leon A. Van Gelderen, Mottern, Fisher & Rosenthal, Sheri M. Rosenthal*, for appellants.

*Webb, Tanner & Powell, Anthony O. L. Powell, Robert J. Wilson*, for appellees.