592 S.E.2d 907 (2004)
265 Ga. App. 141
In the Interest of R.W., a child.
No. A03A2555.
Court of Appeals of Georgia.
January 12, 2004.
Meng H. Lim, Buchanan, for appellant.
Thurbert E. Baker, Atty. Gen., William C. Joy, Senior Asst. Atty. Gen., Shalen S. Nelson, Laura W. Hyman, Asst. Atty. Gens., Mundy & Gammage, Billie J. Crane, Cedartown, Murphy, Murphy & Garner, Stephen E. Garner, Bremen, for appellee.
ADAMS, Judge.
The mother of R.W. successfully defended one or more earlier deprivation actions and one termination action arising out of her care of R.W., who has cerebral palsy, and as many as five of her other seven children. When the Department of Family and Children Services filed yet another deprivation action regarding R.W., the mother raised the defense of res judicata. The juvenile court held that because the current deprivation action addressed facts and circumstances not in existence at the time of the most recent prior order, res judicata was not applicable. The court then found the child to be deprived. The mother appeals only the decision regarding res judicata.
Res judicata is an affirmative defense available to defendants who have the burden of properly raising and proving it. See OCGA § 9-11-8(c); Glen Oak, Inc. v. Henderson, 258 Ga. 455, 458(2)(a), 369 S.E.2d 736 (1988). Here, the appellant has failed to include in the record the pleadings and judgments from any of the earlier actions. Absent this evidence, this Court cannot determine if the doctrine of res judicata applies to this case. See, e.g., Enchanted Valley RV *908 Park Resort v. Weese, 241 Ga.App. 415, 422(3), 526 S.E.2d 124 (1999); Macko v. City of Lawrenceville, 231 Ga.App. 671, 673(1), 499 S.E.2d 707 (1998). Although the appellant has attached two earlier orders to her brief, it is well established that "[a] brief or an attachment thereto cannot be used in lieu of the record for adding evidence to the record." (Citations and punctuation omitted.) Johnson v. Bruno's, Inc., 219 Ga.App. 164, 165(2), 464 S.E.2d 259 (1995).
We note that
a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants; although, in the absence of evidence to the contrary, the facts as they existed at the time of the former judgment would be presumed to continue.
Durham v. Crawford, 196 Ga. 381, 387(4), 26 S.E.2d 778 (1943). See also Puett v. McCannon, 183 Ga.App. 152, 155(2), 358 S.E.2d 300 (1987) (quoting Durham with approval).
The juvenile court heard the facts in the present matter at an adjudicatory hearing, and, in its detailed order, addressed the issue of res judicata. The court found that a comparison of the facts alleged in the present and earlier deprivation actions shows "that a different factual scenario was presented" in the different actions. The court also found that the present action included consideration of "new facts and circumstances which were not in existence on [the date of the earlier order]." Without any evidence to contradict this finding, we must affirm. See, e.g., Enchanted Valley, 241 Ga.App. at 422(3), 526 S.E.2d 124; Macko, 231 Ga.App. at 673(1), 499 S.E.2d 707.
Judgment affirmed.
ANDREWS, P.J., and BARNES, J., concur.