## A04A0942. BAILEY v. HALL.

(599 SE2d 226)

ELLINGTON, Judge.

We granted Sharon Bailey's application for interlocutory appeal to consider whether the superior court erred in denying her motion to dismiss on res judicata grounds in this legitimation action filed by Gregory Hall, the biological father of Bailey's minor child.

The relevant and undisputed facts are these: On April 3, 1994, Bailey and Hall had a child. Hall filed a petition to legitimate the child in 1996, which was denied on March 27, 1997. The court denied the petition because, at the time, Hall had no relationship with the child. Moreover, Bailey was married, she and her husband were providing a stable home for the child, and the child had a secure relationship with her mother's husband. On July 31, 2003, Hall filed a second petition for legitimation alleging that, since 1997, the parties' circumstances have changed. Hall alleges he has been paying child support for almost seven years, that he is married, and that he wishes to exercise visitation rights and be a parent to the child. Bailey has since divorced and her former husband did not adopt the child. There is no evidence that Hall's parental rights were terminated.

After hearing oral argument on Bailey's motion to dismiss, the trial court concluded that the doctrine of res judicata applied to bar the suit because there existed a prior final judgment on the merits and the causes of action, parties, and issues in both suits were identical. The court, however, declined to apply the doctrine based upon a "public policy" exception, stating that it would be "the better practice to reach the merits of the case and consider the best interests of the child."

We must vacate and remand the court's order because the court failed to apply all the applicable principles of res judicata law, and

[14] (Citations and footnote omitted.) Id.
[15] See id.

because the absence of factual findings in the record prevents us from concluding that the decision can be sustained under the "right for any reason" rule.[1] Although the trial court correctly identified several key factors applicable to any res judicata analysis — identity of the causes of action, identity of the parties or their privies, a previous adjudication on the merits by a court of competent jurisdiction[2] — the court's analysis was incomplete given the circumstances of this case. The court should have taken into account this additional factor:

> [A] former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, *if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants*; although, in the absence of evidence to the contrary, the facts as they existed at the time of the former judgment would be presumed to continue. *Durham v. Crawford*, 196 Ga. 381, 387 (4) (26 SE2d 778) (1943).

(Emphasis supplied.) *In the Interest of R. W.*, 265 Ga. App. 141, 142 (592 SE2d 907) (2004); see also *Lockhart v. Lockhart*, 173 Ga. 846, 854 (162 SE 129) (1931) ("Change of circumstances may render a change necessary in order to promote the health, happiness or welfare of the child."). To evaluate whether this factor applies, it is incumbent upon the lower court to determine whether the evidence reveals the material facts have sufficiently changed or new events have sufficiently altered the legal rights of the litigants such that the question at issue should be reexamined. See *In the Interest of R. W.*, 265 Ga. App. at 142.

Before a trial court concludes that public policy militates against the application of well-settled statutory and common law res judicata rules, thereby imposing a "narrow exception to a well established principle of law," it should first completely determine whether that principle of law applies. *Fierer v. Ashe*, 147 Ga. App. 446, 450 (II) (D) (249 SE2d 270) (1978). We will not establish here, as a matter of law, that the traditional doctrines of res judicata or collateral estoppel have only limited application in all cases involving legitimation. See

---

[1] Although, as a matter of judicial economy, we will affirm an order under the "right for any reason rule," we will generally only do so when the judgment may be sustained upon a legal basis apparent from the record which was fairly presented in the court below. See generally *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002).

[2] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995); see also OCGA §§ 9-12-40; 9-12-42.

id. Moreover, "[w]hether those rules should be bent where their application results in 'manifest injustice' we need not decide" because the lower court has yet to exhaust the traditional rules applicable to the facts of this particular case. Id. Therefore, we vacate the court's order denying Bailey's motion to dismiss and remand for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. Andrews, P. J., and Miller, J., concur.*

DECIDED MAY 3, 2004.

*Flint & Connolly, John F. Connolly,* for appellant.

*Fox, Chandler, Homans, Hicks & McKinnon, David A. Fox, Cheryl H. Kelley,* for appellee.