**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 29, 2013**

# In the Court of Appeals of Georgia

A13A0331. MAYS v. TARGET CORPORATION.

BOGGS, Judge.

Brittany Mays appeals from the trial court's order dismissing her claims against Target Corporation ("Target") based upon the expiration of the two-year statute of limitation applicable to personal injury claims, OCGA § 9-3-33. In related enumerations of error, Mays contends the trial court erred by failing to toll the statute of limitation pursuant to OCGA § 9-3-99. We disagree and therefore affirm.

In her complaint against Target and its employee, Lonie Wacaster, Mays alleged that on December 15, 2008, Wacaster captured her image with a cellular phone while she was changing in the unisex dressing room provided by Target.[1] She asserted that Wacaster was indicted for invasion of privacy on March 8, 2010, and

---

[1] Mays perfected service against Target on August 12, 2011.

that he pled guilty to this offense on September 14, 2010. Mays filed her complaint on July 11, 2011, and asserted that pursuant to OCGA § 9-3-99, the statute of limitation for her claims was tolled from the date of the crime through the final disposition of the criminal charges against Wacaster.

Based upon Wacaster's status as a convicted sex offender on the day of the incident, Mays asserted causes of action against Target for intentional infliction of emotional distress, as well as negligent hiring, supervision, training and retention. She asserted claims for invasion of privacy and intentional infliction of emotional distress against Wacaster. Mays' complaint contains no allegations that Target should be held responsible for Wacaster's conduct based upon theories of respondeat superior or vicarious liability.

Target moved to dismiss Mays' complaint based upon its contention that the tolling provision of OCGA § 9-3-99 does not apply to Mays' claims against it because no criminal charges were filed against Target. Relying upon this court's decisions in *Valades v. Uslu*, 301 Ga. App. 885 (689 SE2d 338) (2009), and *Columbia County v. Branton*, 304 Ga. App. 149 (695 SE2d 674) (2010), the trial court granted Target's motion to dismiss. In its written order, however, it

2

recognize[d] that a persuasive argument could be made that the rule announced in *Branton* is inapplicable to Ms. Mays's claims against Target. . . . It is difficult to conceive how Ms. Mays's tort claims against Target do not "arise out of the facts and circumstances relating to the commission of such alleged crime" as required by OCGA § 9-3-99. Given, however, the broad language in *Branton* declining to apply the tolling provisions to claims against those who "were not criminal defendants in a prior prosecution," this Court is constrained to find that § 9-3-99 does not toll Ms. Mays's tort claims against Target.

On appeal, Mays urges this court to distinguish our previous decisions in *Valades* and *Branton*. She contends that applying these decisions to the facts now before us would be "contrary to the plain, unambiguous language of the statute" and "undermine judicial economy as it would cause there to be separate lawsuits at separate times regarding the same issues."

The Legislature enacted OCGA § 9-3-99 as part of the "Crime Victims Restitution Act of 2005." Ga. L. 2005, pp. 88-89, §§ 1, 2. It provides:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has

3

become final or otherwise terminated, provided that such time does not exceed six years.

While this Code section does not specify the party or parties against whom a victim may assert the statute of limitation has been tolled, this court has previously determined that it "tolls the statute of limitation for any cause of action in tort brought by the victim of an alleged crime while the prosecution of the *defendant* is pending, for a period not to exceed six years." (Emphasis in original.) *Valades*, supra, 301 Ga. App. at 887-889 (1). See also *Branton*, supra, 304 Ga. App. at 152 (1). And in *Branton*, we rejected an argument that the statute of limitation should be tolled under OCGA § 9-3-99 in an action against a joint tortfeasor who was not a criminal co-defendant. 304 Ga. App. at 152-153 (1).

The preamble to the Crime Victims Restitution Act states that one of its purposes was "to amend Article 5 of Chapter 3 of Title 9 of the Official Code of Georgia Annotated, relating to tolling of limitations in civil cases, so as to provide for a statute of repose in certain tort actions brought by victims of crimes *against the person accused of such crimes*." (Emphasis supplied.) Ga. L. 2005, p. 88-89 § 1. And, "[a]lthough a preamble is not a part of the act and therefore cannot control over its plain meaning, it may be considered as evidence of the meaning of an ambiguous,

4

codified law." *Spalding County Bd. of Elections v. McCord*, 287 Ga. 835, 837 (1) (B) (700 SE2d 558) (2010). As OCGA § 9-3-99 is ambiguous[2] as to whether it tolls the limitation period for a crime victim's cause of action against the person accused of the crime only, we find the preamble persuasive evidence of the Legislature's intent.

In this case, Target was not accused of any crime of which Mays was a victim. The trial court therefore properly concluded that the tolling provision of OCGA § 9-3-99 does not apply and that Mays' causes of action against Target are barred by the two-year statute of limitation for personal injuries. OCGA § 9-3-33.

*Judgment affirmed. Doyle, P. J. and McFadden, J., concur.*

---

[2] Statements about the plain language of OCGA § 9-3-99 in *Valades*, supra, are non-binding dicta.