**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 18, 2015**

# In the Court of Appeals of Georgia

A14A1510. ORR v. RIVER EDGE COMMUNITY SERVICE
    BOARD et al.

MILLER, Judge.

Georgia Orr filed a wrongful death suit under the Georgia Tort Claims Act

against River Edge Community Service Board ("River Edge") and the Department of

Behavioral Health and Developmental Disabilities (collectively, the "Defendants")

more than four years after her husband was struck by a van driven by a River Edge

employee and killed. The Defendants filed a motion to dismiss on the grounds that

Orr's ante litem notice was not timely and her complaint was barred by the two-year

statute of limitation. The Defendants also moved to dismiss and sought summary

judgment based on the prior pending action rule (OCGA § 9-2-44 (a)).[1] The trial court

---

[1] Orr filed her first wrongful death suit against River Edge and the Department
of Human Resources in February 2009. The trial court granted the defendants' motion

granted the Defendants' motions and dismissed Orr's lawsuit, finding that it was time-barred and subject to abatement. Orr appeals, contending that (1) the statute of limitation was tolled by the pending criminal prosecution of the van's driver and (2) her lawsuit was not abated under the prior pending action rule. For the reasons that follow, we affirm the trial court's ruling.

Whether a cause of action is barred by the statute of limitation is a mixed question of fact and, where the facts are not in dispute, the question is one of law for the court. See *McGhee v. Jones*, 287 Ga. App. 345, 347 (2) (652 SE2d 163) (2007).

On February 5, 2007, Francena Chisholm-Moss, driving a van in the course of her employment with River Edge, struck pedestrian Elijah Orr, causing injuries that resulted in his death. Chisholm-Moss was issued a traffic citation, but the warrant against her was ultimately dismissed.[2] Orr did not give ante litem notice to River

---

to dismiss based on Orr's failure to provide adequate ante litem notice. Orr appealed, and this Court affirmed the trial court's dismissal of Orr's previous lawsuit under Court of Appeals Rule 36. *Orr v. River Edge Community Svc. Bd.*, 316 Ga. App. XXV (July 9, 2012) (A12A0077, unpublished).

[2] On February 6, 2007, Chisholm-Moss was issued a traffic citation for leaving the scene of an accident (OCGA § 40-6-270) and ordered to appear in probate court. The case was subsequently transferred from probate court to superior court. In September 2007, the local prosecutor informed the investigating officer that he had decided not to prosecute Chisholm-Moss because there was insufficient evidence to obtain a conviction after the investigation revealed that Elijah Orr was crawling

2

Edge until February 17, 2010, she did not give ante litem notice to the Department of Behavioral Health and Developmental Disabilities until March 8, 2010, and she did not file the instant suit against the Defendants until October 26, 2011. Orr *did not* file suit against Chisholm-Moss, the driver of the van.

The Defendants, River Edge and the Department of Behavioral Health and Developmental Disabilities, filed a motion to dismiss on the basis that Orr's ante litem notice was not timely and her complaint was barred by the statute of limitation, which expired in February 2009, two years after the accident occurred, or, at the latest, in September 2009, two years after the prosecutor decided not to press charges against Chisholm-Moss. The trial court dismissed Orr's lawsuit, finding that it was time-barred because the prosecution against Chisholm-Moss terminated in September 2007 and, thus, the statute of limitation expired in September 2009. This appeal ensued.

1. Orr contends that her case against the Defendants was not time-barred because the pending criminal prosecution of Chisholm-Moss did not terminate until February 2011, when the criminal statute of limitation expired, and the trial court

---

across the road in the dark when he was struck. Approximately two years later, in October 2009, the warrant against Chisholm-Moss was dismissed.

3

erred in determining that the criminal prosecution ended in September 2007. We disagree.

For tort claims brought against the State, the statute of limitation is two years.[3] OCGA § 50-21-27 (c). However, OCGA § 9-3-99 provides that:

> [t]he running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this [S]tate shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years.

The plaintiff bears the burden of establishing that a statute of limitation has been tolled. See *Smith v. Chemtura Corp.*, 297 Ga. App. 287, 293 (5) (676 SE2d 756) (2009).

Pretermitting whether the trial court erred in determining that the prosecution of Chisholm-Moss became final in September 2007 for purposes of OCGA § 9-3-99, we will affirm the trial court's dismissal of a complaint if it is right for any reason.

---

[3] The Defendants are both state government entities. See *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 716 (1) (545 SE2d 875) (2001) (community service boards are state agencies).

See *Johnson v. Equicredit Corp.*, 238 Ga. App. 380, 381 (1) (517 SE2d 353) (1999); see also *Bailey v. Hall*, 267 Ga. App. 222, 223, n.1 (599 SE2d 226) (2004) ("Although, as a matter of judicial economy, we will affirm an order under the 'right for any reason rule,' we will generally only do so when the judgment may be sustained upon a legal basis apparent from the record which was fairly presented in the court below.") (citation omitted).

Here, the Defendants argued that OCGA § 9-3-99 did not apply because the Defendants had not been charged with a crime. This Court has previously held that OCGA § 9-3-99 "tolls the statute of limitation for any cause of action in tort brought by the victim of an alleged crime while the prosecution of the *defendant* is pending, for a period not to exceed six years." *Mays v. Target Corp.*, 322 Ga. App. 44, 46 (743 SE2d 603) (2013); *Valades v. Uslu*, 301 Ga. App. 885, 888-889 (1) (689 SE2d 338) (2009). Thus, tolling is only available in suits against criminal defendants. See *Mays*, supra, 322 Ga. App. at 46 (suit against criminal defendant's employer for intentional infliction of emotional distress and negligent hiring could not be tolled pursuant to OCGA § 9-3-99 where employer had not been charged with a crime). In the instant case, Orr filed suit against the Defendants, River Edge and the Department of

Behavioral Health and Developmental Disabilities, not against Chisholm-Moss, the driver of the vehicle.

Neither River Edge nor the Department of Behavioral Health and Developmental Disabilities was ever charged with any crime. While it is uncontested that Chisholm-Moss was acting in the course and scope of her employment with River Edge when the accident occurred, there is no allegation that the Defendants were *criminally* liable for Elijah Orr's death. "Although the [Defendants and Chisholm-Moss] may be joint tortfeasors for purposes of the instant lawsuit, they were not criminal co-defendants who shared joint criminal responsibility for acts that resulted in a criminal prosecution." *Columbia County v. Branton*, 304 Ga. App. 149, 152 (1) (695 SE2d 674) (2010); see also *Valades*, supra, 301 Ga. App. at 888-889 (1). Accordingly, OCGA § 9-3-99 did not toll the two-year statute of limitation for filing suit against the Defendants and Orr's suit is time-barred as a matter of law. *Branton*, supra, 304 Ga. App. at 153 (1).

2. Since we conclude that Orr's lawsuit against River Edge and the Department of Behavioral Health and Developmental Disabilities was time-barred, we need not address her remaining contentions.

*Judgment affirmed. Doyle, P. J., and Dillard, J., concur.*