### 33849. WOFFORD v. CENTRAL MUTUAL INSURANCE COMPANY et al.

HALL, Justice.

This court granted the application for writ of certiorari to review Divisions 1 and 3 and the judgment of the Court of Appeals in *Central Mut. Ins. Co. v. Wofford,* 145 Ga. App. 836 (244 SE2d 899) (1978).

1. The Court of Appeals held that a plaintiff may voluntarily dismiss his suit at any time before the verdict or the oral announcement of a judgment by the trial court, Code Ann. § 81A-141 (a), and that this right is not a-bridged by the filing of a motion to dismiss, based upon the plaintiff's failure to comply with Code Ann. § 81A-125 (a) (1). We agree and affirm. See *Jones v. Burton,* 238 Ga. 394(1) (233 SE2d 367) (1977) and *Jernigan v. Collier,* 234 Ga. 837 (218 SE2d 556) (1975).

2. The Court of Appeals in its Division 3 held that in order for this plaintiff to have taken advantage of Code

Ann. § 3-808 and tolled the statute of limitation for six months for her renewal suit, she should have first substituted the deceased's administrator and then voluntarily dismissed. We disagree and reverse.

In construing substantially the same statute as that now found in Code Ann. § 3-808, this court in an opinion by Justice Lumpkin held that a renewal suit by an administrator of a plaintiff is the same as a renewal suit by the plaintiff. *Moody v. Threlkeld,* 13 Ga. 55 (5) (1853). See also *Sheldon & Co. v. Emory University,* 184 Ga. 440 (191 SE 497) (1937); *Cox v. Strickland,* 120 Ga. 104 (47 SE 912) (1904). Therefore, when a plaintiff voluntarily dismisses a suit filed against a deceased defendant and renews the suit against the deceased's administrator or representative, the renewal suit may take advantage of the tolling of the statute of limitation for six months under Code Ann. § 3-808.

The Court of Appeals erred in reversing the order of the trial court.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

Argued September 11, 1978 — Decided September 28, 1978 — Rehearing denied October 16, 1978.

*Lewis, Bynum & Kell, T. J. Lewis, Jr.,* for appellant.
*Palmer H. Ansley, John Stanford, Joseph Watkins,* for appellees.