63474. ALLEN v. CLOUDBURST MANUFACTURING COMPANY et al.

CARLEY, Judge.

Frank Allen, Jr. brought suit against appellee-defendant Cloudburst Manufacturing Company (Cloudburst) and the City of Moultrie. The city is not a party to the instant appeal. Cloudburst filed its motion for summary judgment on June 18, 1981 and a hearing was held on July 23, 1981. Prior to the hearing, on June 20, 1981, Mr. Allen died, a fact which was "suggested upon the record" on July 24, 1981. On August 20, 1981, the trial court granted summary judgment to Cloudburst. It is from this order granting summary judgment to Cloudburst that the instant appeal is taken.

"A deceased person cannot be a party to legal proceedings. While the death of a party does not abate a pending action where the cause of action survives (Code § 3-501), nevertheless the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings. [Cits.] Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent. [Cits.] . . . Since it appears that there is no living appellant in this case and that none can be supplied by amendment or by order of this court, it follows that the appeal is a nullity. [Cit.] We therefore [dismiss the instant appeal], with the admonition that all proceedings occurring in the trial court subsequently to the death of [Frank Allen, Jr.] are as to [him] similarly void." *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217, 218-219 (154 SE2d 638) (1967).

Cloudburst urges that to dismiss the appeal with such an "admonition" would be inequitable because the successor or representative of Mr. Allen could have moved for an order of

substitution pursuant to Code Ann. § 81A-125 but did not do so. This argument is clearly meritless. As noted above, the proceedings subsequent to Mr. Allen's death, including the grant of summary judgment to Cloudburst, are void, not merely voidable. See *Irwin v. Shuford,* 144 Ga. 532 (1) (87 SE 674) (1915). " 'On the death of a party . . ., the action is suspended and the suspension has the same temporary effect on the rights of the parties as though the suit actually abated. The action remains in abeyance and cannot proceed until someone is substituted for the decedent. . ., and the personal representative or heirs of the decedent are not required to take notice of the pendency or defend the action until they are made parties.' " *Y.M.C.A. v. Frazier,* 236 Ga. 903, 905 (225 SE2d 890) (1976). Cloudburst itself, as a party defendant in the action, could have moved for an order of substitution but did not do so. Instead, Cloudburst chose to await an adjudication of the merits of the deceased Allen's claim against it although the action was in a posture of suspension. If the facts in the instant case were otherwise the same except that Cloudburst were appealing the grant of summary judgment to Allen, that judgment would be likewise void. See *Irwin,* 144 Ga. 532 (1), supra. Accordingly, we find no inequity whatsoever in dismissing the instant appeal with the "admonition" that the proceedings occurring in the trial court after Allen's death are, as to him, void.

*Appeal dismissed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED APRIL 22, 1982.

*Dewey Hayes, Jr.,* for appellant.
*Converse Bright, Edmund A. Landau III, Saxby Chambless,* for appellees.