## A09A0013. CLARK v. MASTERS.

(678 SE2d 538)

DOYLE, Judge.

This appeal arises from a case involving a real estate lease-purchase agreement between Carl N. Clark and John W. Masters regarding certain property located at 3186 Buford Highway, Atlanta, Georgia.[1] For the following reasons, we dismiss this appeal.

On June 29, 2007, this Court affirmed without opinion the trial court's denial of Clark's Motion for Involuntary Dismissal and scheduling order regarding the close of the sale of the above-referenced property contemplated in the parties' 1990 contract. When the case was remanded to the trial court, Masters filed a "Motion for Withdrawal and Disbursement of Funds and Closing Documents from the Court Registry." Clark responded to the motion, and the trial court held a hearing on April 24, 2008. On April 29, 2008, Clark died, but a suggestion of his death was not filed with the trial court until May 19, 2008. In the meantime, on May 8, 2008, the trial court granted Masters's Motion for Withdrawal and Disbursement of Funds and Closing Documents. No substitution of party was made, but Clark's attorney of record filed a timely notice of appeal.

1. In her brief, Clark's attorney argues that the trial court's May 8, 2008, order is void ab initio and should be vacated by this Court because Clark died prior to the ruling. Masters, on the other hand, has filed a motion to dismiss the appeal on the ground that lack of a valid party nullifies this appeal. We agree with both parties.

> A deceased person cannot be a party to legal proceedings. While the death of a party does not abate a pending action where the cause of action survives . . . , nevertheless the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings. Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent. [Be-cause] it appears that there is no living appellant in this case and that none can be supplied by amendment or by order of this court, it follows that the appeal is a nullity. We therefore dismiss the instant appeal, with the admonition that all proceedings occurring in the trial court subse-

---

[1] For further discussion of the underlying facts and long procedural history of this case, see *Masters v. Clark*, 269 Ga. App. 537 (604 SE2d 556) (2004).

quently to the death of [Carl N. Clark] are as to him similarly void.[2]

2. Masters also has moved this Court to impose a penalty for a frivolous appeal under Court of Appeals Rule 15 (b). We decline to impose such a penalty.

*Appeal dismissed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MAY 13, 2009.

*Carol V. Clark, Elizabeth W. Boswell*, for appellant.
*Richard J. Dreger*, for appellee.

---

[2] (Citations and punctuation omitted.) *Allen v. Cloudburst Mfg. Co.*, 162 Ga. App. 188 (290 SE2d 529) (1982).