**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 21, 2021**

# In the Court of Appeals of Georgia

A21A0243. NOBLES v. BONNEY.

DILLARD, Presiding Judge.

Richard Nobles appeals the trial court's dismissal with prejudice of his negligence action against Kunio Bonney, which arose from a car accident. Bonney died during the litigation, but Nobles never filed a motion to substitute a new defendant. Instead, he filed a motion to dismiss the case without prejudice. Even so, the trial court dismissed the case *with* prejudice because Nobles never filed a substitution motion, much less a timely one. Nobles argues that the trial court erred in doing so and should have dismissed the case without prejudice. For the reasons noted *infra*, we reverse and remand the case with direction.

On or about August 28, 2016, Nobles and Bonney had a car accident in which they were both injured.[1] Approximately two years later, on August 22, 2018, Nobles filed a negligence action against Bonney to recover for his injuries. But on February 1, 2019, during the pendency of this litigation, Bonney died and his counsel filed a suggestion of death on February 13, 2019.[2] Nevertheless, discovery continued; but Nobles never filed a motion to substitute another defendant for Bonney. Eventually, on February 21, 2020 (approximately two years after the suggestion of death was filed), Nobles filed a motion to dismiss the case without prejudice under OCGA § 9-11-41.[3] But instead of granting this motion, the trial court dismissed the case *with* prejudice, finding that Nobles's dismissal motion was a nullity because he never filed a motion for substitution of a new defendant, much less a timely one. Under these

[1] Although the specific facts about the car accident are not relevant to this appeal, it is worth noting that they are not in dispute. Indeed, Bonney's brief adopts the statement of facts set forth in Nobles's brief.

[2] These are the dates provided in the suggestion of death. For reasons that are unclear from the record, the trial court's dismissal order notes that Bonney died on December 8, 2018, and the suggestion of death was filed on March 4, 2019. Regardless, the discrepancies in the dates provided by the suggestion of death and the trial court's order are not material to the outcome of this appeal.

[3] *See* OCGA § 9-11-41 (a) (1) (A) (providing that a plaintiff can voluntarily dismiss a case *without prejudice* without order or permission of the court by filing a written notice at any time before the first witness is sworn).

circumstances, the trial court found that dismissal of the case was mandatory. This appeal follows.

We review the trial court's ruling on a motion to dismiss "under the de novo standard of review."[4] And with this standard in mind, we will consider Nobles's sole claim of error.

Specifically, Nobles argues that the trial court erred in finding that dismissal with prejudice was mandatory under OCGA § 9-11-25 (a) (1) and failing to grant his motion to dismiss without prejudice when it was permitted, timely, and valid. We agree.

OCGA § 9-11-25 (a) (1) provides:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in Code Section 9-11-5 and upon persons not parties in the manner provided in Code Section 9-11-4 for the service of a summons. Unless the motion for substitution is made *not later than 180 days after the death is suggested* upon the record by

---

[4] *See King Petro, Inc. v. Ultra Grp. of Cos., Inc.*, 355 Ga. App. 503, 503 (844 SE2d 547) (2020).

3

service of a statement of the fact of the death, the action *shall* be dismissed as to the deceased party.[5]

It is undisputed that Nobles never filed a motion for substitution after Bonney's counsel filed the suggestion of death, much less within the time period required by the foregoing statute. Nevertheless, Nobles contends that his motion to dismiss the case *without prejudice* should have been granted because it was valid and timely. In this regard, OCGA § 9-11-41 (a) (1) (A) provides:

> By plaintiff; by stipulation. Subject to the provisions of subsection (e) of Code Section 9-11-23, Code Section 9-11-66, and any statute, an action may be dismissed by the plaintiff, *without order or permission of court* . . . [b]y filing a written notice of dismissal at *any time* before the first witness is sworn . . . .[6]

Here, although Nobles waited nearly two years after the suggestion of death was filed to move to dismiss the case without prejudice, he did so before any witnesses in the case were sworn and at a time when the case was still pending. Indeed, the trial court did not dismiss this case until *after* Nobles moved to dismiss it without prejudice. The question before us, then, is whether a plaintiff's failure to

---

[5] (Emphasis supplied).

[6] (Emphasis supplied).

4

file a timely motion to substitute a party for the deceased defendant deprives him of his right to dismiss the case without prejudice *at any time* before the first witness is sworn. The Supreme Court of Georgia has already answered this question in the negative.

In *Wofford v. Central Mutual Insurance Company*,[7] our Supreme Court addressed a prior version of OCGA § 9-11-25 (a) (1)—*i.e.*, OCGA § 81A-125 (a) (1)—that is nearly identical to the current version of the statute.[8] Specifically, it considered whether a plaintiff's failure to file a substitution motion affects his right to dismiss a case without prejudice prior to the entry of judgment. In doing so, the Supreme Court adopted this Court's prior holding that "a plaintiff may voluntarily

---

[7] 242 Ga. 338 (249 SE2d 21) (1978).

[8] *See Jernigan v. Collier*, 131 Ga. App. 162, 162 n.1 (205 SE2d 450) (1974) (noting that the prior Code section at issue, [OCGA] § 81A-125 (a) (1), provides: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the hearing, shall be served on the parties as provided in section 81A-105 and upon persons not parties in the manner provided in section 81A-104 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."); *see also Wofford*, 242 Ga. at 338 (1) (construing [OCGA] § 81A-125 (a) (1), the same statute detailed in *Jernigan*, but without quoting it).

dismiss his suit at any time before the verdict or the oral announcement of a judgment by the trial court, [OCGA §] 81A-141 (a), and that this right is not abridged by the filing of a motion to dismiss, based upon the plaintiff's failure to comply with [OCGA §] 81A-125 (a) (1)."[9] Similarly, in *Jernigan v. Collier*,[10] this Court held that dismissal of a case for failure to file a substitution motion is not automatic, and "[a]ny dismissal which is not automatic but which may be obtained, necessarily requires, to effect a dismissal, the entry of an order of dismissal."[11] And this holding is consistent with *Wofford* because both cases hold that a lawsuit is still pending even if the plaintiff fails to file a timely substitution motion. As a result, Nobles's case was not automatically dismissed when he failed to file a substitution motion, and the case was still pending when he filed his motion to dismiss the case without prejudice.

---

[9] *Wofford*, 242 Ga. at 338 (1). Unlike OCGA § 81A-141 (a), the current version of the dismissal statute quoted *supra*, OCGA § 9-11-41 (a) (1) (A), provides that a plaintiff can voluntarily dismiss his case without permission of the court any time before the *first witness is sworn*, rather than any time before the judgment is entered. But because Nobles moved to dismiss this case before the first witness was sworn *and* prior to the entry of judgment, this discrepancy in the two versions of the statute is of no consequence.

[10] 131 Ga. App. 162.

[11] *Id*. at 162-64.

In sum, given the holdings in *Wofford* and *Jernigan*, we conclude that Nobles's right to dismiss this case without prejudice under OCGA § 9-11-41 (a) (1) (A) was not affected by his failure to file a substitution motion. Indeed, the case was still pending when Nobles filed the motion to dismiss without prejudice *before* the first witness was sworn. As a result, the trial court erred in dismissing this case with prejudice based solely on Nobles's failure to substitute a party for Bonney and in finding that Nobles's motion to dismiss the case without prejudice was a nullity.

For all these reasons, we reverse the trial court's dismissal order and remand the case for the court to grant Nobles's motion to dismiss the case without prejudice.

*Judgment reversed and case remanded with direction. Mercier and Colvin, JJ., concur.*