**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 25, 2021**

# In the Court of Appeals of Georgia

A21A0143. UNION CARBIDE CORPORATION v. BRANNAN et al.

GOBEIL, Judge.

Union Carbide Corporation ("UCC") appeals from the trial court's denial of its motion to dismiss the claims raised by Louise Brannan ("Louise"), in her capacity as the representative of the estate of her deceased husband, Charles Brannan ("Charles"). On appeal, UCC asserts that the prior pending action doctrine precluded the personal injury claims she raised on Charles's behalf. For the reasons that follow, we affirm the trial court's denial of UCC's motion to dismiss.

*First Action*

Charles was diagnosed with malignant pleural mesothelioma in 2015. On September 14, 2015, Charles and his wife Louise filed a complaint in DeKalb County for damages against several defendants, including UCC, alleging that Charles contracted the disease as a result of exposure to asbestos in products at his workplace that were supplied in part by UCC. In the first complaint, Charles raised personal injury claims of negligence and product liability. Louise raised a claim for loss of consortium.

On October 5, 2015, Charles passed away. On October 14, 2015, counsel for one of the defendants filed a "Notice of Suggestion of Death of Plaintiff Charles H. Brannan." At that time, no estate representative had been appointed, so no one from Charles's estate was served with this notice. Louise was served with the notice as a co-plaintiff. Later, on December 17, 2015, Louise was appointed executrix of Charles's estate.

On September 14, 2016, almost a year after Charles's death, Louise filed a first amended complaint, amending the case caption by (1) removing Charles as a plaintiff and (2) adding herself as a co-plaintiff as the representative of Charles's estate. In the first amended complaint, Louise, in the capacity of Charles's estate representative,

2

reasserted the personal injury claims. In her individual capacity, Louise reasserted her claim for loss of consortium and added a claim of wrongful death. On the same day, she filed a motion to "modify the caption" of the action to reflect the changes made in the first amended complaint.[1] The defendants, including UCC, opposed this motion citing OCGA § 9-11-25 (a) (1).[2] No order was entered on this motion.

On September 28, 2016, the defendants moved to dismiss the personal injury claims because the representative of the estate had not moved to substitute herself as a plaintiff within 180 days of the notice of suggestion of death, as required by OCGA § 9-11-25 (a) (1). Two days later, Louise filed a voluntary dismissal of "all claims as asserted against all Defendants under the Complaint" pursuant to OCGA § 9-11-41 (a).[3] UCC did not object to the dismissal, and Louise filed a separate civil disposition form showing the case closed as of September 30, 2016.

---

[1] Notably, at this stage of the first action, no pretrial order had been entered.

[2] OCGA § 9-11-25 (a) (1) provides, in pertinent part, that "[u]nless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party."

[3] OCGA § 9-11-41 (a) (1) (A) allows a plaintiff to dismiss an action without order or permission of court "[b]y filing a written notice of dismissal at any time before the first witness is sworn[.]" And such dismissal is without prejudice. OCGA § 9-11-41 (a) (3).

3

*Second Action*

On November 3, 2016, Louise filed a second complaint in DeKalb County, again naming several defendants including UCC. Louise was named as a plaintiff both in her individual capacity and as the representative of Charles's estate. As the estate representative, Louise raised the personal injury claims. As an individual, Louise raised her loss of consortium and wrongful death claims. UCC answered the second complaint. Among 40 other defenses, UCC asserted that "Plaintiff's claims are barred if there is a prior pending action between the parties related to the subject matter of this lawsuit."

After the denial of UCC's motion for summary judgment, UCC filed a motion to dismiss the personal injury claims Louise raised as Charles's estate representative. UCC asserted that Louise could not unilaterally dismiss the claims raised by Charles in the first action because she was never properly substituted as the plaintiff for those claims. Accordingly, Charles's personal injury claims remained pending in the first action, which barred the duplicative claims raised in the second action under the prior pending action doctrine set forth in OCGA § 9-2-5.[4]

---

[4] The prior pending action doctrine, set forth in OCGA § 9-2-5 (a), provides that:

[n]o plaintiff may prosecute two actions in the courts at the same time

After a hearing, the trial court denied UCC's motion to dismiss. The trial court found that the prior pending action doctrine did not apply, as the two actions did not involve the same parties in the same capacities on the same causes of action. Alternatively, the trial court found that Louise's failure to formally substitute herself as the representative for Charles's estate did not void her later dismissal of his claims. The court certified its order for immediate review, this Court granted UCC's application for interlocutory review, and this appeal followed.[5]

A trial court's order on a motion to dismiss is reviewed de novo. *Doctors Hosp. of Augusta, LLC v. Ga. Dept. of Community Health,* 344 Ga. App. 583, 583 (811 SE2d 64) (2018) (reviewing dismissal under the prior pending action doctrine de novo).

On appeal, UCC argues that the trial court erred in denying its motion to dismiss because Charles's estate's personal injury claims remain pending in the first action,

for the same cause of action and against the same party. . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

[5] This case previously was before this Court on the same trial court record, but the case was remanded to the trial court to confirm Louise's payment of costs for the first action. See *Union Carbide Corp. v. Brannan,* Case No. A20A0671 (decided June 11, 2020). Upon confirmation, the appeal was re-docketed, and is now before this Court for a determination on the merits.

5

and thus, the prior pending action doctrine applies to bar Louise from raising them on Charles's estate's behalf in the second action. UCC's argument, however, is misplaced.

A plaintiff's right to voluntarily dismiss under OCGA § 9-11-41 (a) is not abated by the filing of a motion to dismiss for failure to substitute a party defendant. See *Wofford v. Central Mut. Ins. Co.*, 242 Ga. 338, 338 (1) (249 SE2d 21) (1978). In *Wofford*, the Supreme Court found that OCGA §§ 9-2-61, 9-11-25 (a), and 9-11-41 (a) permit a plaintiff to avoid the consequences of failing to substitute a party defendant within the 180-day period of limitation by voluntarily dismissing the suit and then refiling it against the personal representative of the deceased. Id. at 338-339 (1), (2). See also *Nobles v. Bonney*, __ Ga. App. __ (Case No. A21A0243 decided May 21, 2021) (concluding under *Wofford* that a plaintiff's right to dismiss a case without prejudice under OCGA § 9-11-41 (a) (1) (A) was not affected by his failure to file a substitution motion).

We see no reason why this same rationale would not apply to the specific facts of this case. Here, as all parties agree, there was no proper substitution of Charles's estate within 180 days of UCC's filing of the notice of suggestion of death as required by OCGA 9-11-25. And, it is well-settled in Georgia that a deceased person cannot

6

be a party to any legal proceeding. See, e.g., *Allen v. Cloudburst Mfg. Co.*, 162 Ga. App. 188, 188 (290 SE2d 529) (1982); *Eubank v. Barber-Colman Co.*, 115 Ga. App. 217, 218 (1) (154 SE2d 638) (1967). Pretermitting whether Louise had the authority to dismiss Charles's claims in the first action, the practical effect of her dismissal of her own claims, coupled with Charles's death with no proper substitution, was that no living party remained in the first action, and thus any actions taken by the trial court would have been void. *Allen*, 162 Ga. App. at 188. As a result, Louise's re-filing of the complaint within the applicable statute of limitation, both in her individual capacity and as the duly-appointed representative of Charles's estate, was proper under the circumstances. We therefore find no merit in the grounds for reversal advocated by UCC. We will affirm the judgment of the trial court if it is right for any reason. See *Bailey v. Hall*, 267 Ga. App. 222, 223 n. 1 (599 SE2d 226) (2004) (we may affirm the denial of a motion to dismiss if it is right for any reason, so long as the legal basis for affirmance was "apparent from the record [and] was fairly presented in the court below"). Accordingly, the trial court's denial of UCC's motion to dismiss is affirmed.

*Judgment affirmed. Barnes, P. J. and Markle, J., concur.*

7