**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 26, 2022**

# In the Court of Appeals of Georgia

A21A1598. ROBERTS v. JP MORGAN CHASE BANK, NATIONAL ASSOCIATION et al.

PIPKIN, Judge.

This appeal arises from the trial court's order dismissing Plaintiff James T. L. Roberts' appeal from the grant of summary judgment to Defendants/Appellees JP Morgan Chase Bank, National Association ("Chase") and Associated Credit Union ("ACU") (collectively "Defendants") in an action originally brought by Roberts for breach of contract, emotional distress, fraud, and other claims.[1] As more fully set

---

[1] This is the second appearance of this case before our Court. In *Roberts v. JP Morgan Chase Bank, Nat. Assn.*, 342 Ga. App. 73 (802 SE2d 880) (2017), this Court affirmed in part and reversed in part the trial court's order dismissing Roberts' claims against Defendants; we remanded the case for further proceedings, ultimately resulting in the grant of summary judgment to Defendants and the dismissal order now before us.

forth below, this appeal must be dismissed and the case remanded for further proceedings.

Pertinent here, the record shows that, following a hearing, the trial court entered separate orders granting summary judgment to Defendants on July 13, 2020. On July 28, 2020, Roberts filed a notice of appeal from these orders, specifying that the transcript of the summary judgment hearing would be included in the record on appeal (the "July appeal"). Roberts died on September 13, 2020, and a suggestion of death was filed by his counsel on January 25, 2021. On January 27, 2021, Roberts' attorney asked the court reporter to prepare a transcript of the summary judgment hearing. The court reporter furnished the transcript to Roberts' attorney on February 1, 2021, who electronically filed it in the trial court that same day.[2]

On February 4, 2021, Defendants filed motions to dismiss the July appeal due to Roberts' failure to timely file the transcript. See OCGA § 5-6-48 (c). On April 27, 2021, the trial court granted Defendants' motions to dismiss, and Roberts' attorney filed a notice of appeal from that order on May 18, 2021 (the "May appeal"). Thereafter, Defendants moved this Court to dismiss the May appeal, arguing that

---

[2] The record was transmitted to this Court on February 9, 2021, but we did not docket the July appeal due to the pending motion to dismiss in the trial court.

2

because no substitution of party was made in the trial court following Roberts' death, the notice of appeal in that case was a nullity. Roberts' attorney responded to the motion, asserting that on May 13, 2021, five days prior to filing the notice of appeal from the dismissal order, she submitted a motion to substitute Beatrice Roberts, as Executor for the Estate of James Roberts, with the trial court clerk, but the trial court clerk refused to accept the motion for filing because the case was closed. To date, no substitution has been made in either this Court or the trial court.

We agree with Defendants that this appeal must be dismissed.

A deceased person cannot be a party to legal proceedings. While the death of a party does not abate a pending action where the cause of action survives, nevertheless the effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings.

(Citation and punctuation omitted.) *Clark v. Masters*, 297 Ga. App. 794, 794 (1) (678 SE2d 538) (2009). However, not only is the notice of appeal a nullity, but "all proceedings occurring in the trial court subsequently to the death of [Roberts] are as to him similarly void." Id. at 794-795 (1). As we have further explained, "[o]n the death ]of a party, the action is suspended and the suspension has the same temporary effect on the rights of the parties as though the suit actually abated. The action

3

remains in abeyance and cannot proceed until someone is substituted for the decedent[.]" (Citation and punctuation omitted.) *Allen v. Cloudburst Mfg. Co.*, 162 Ga. App. 188, 189 (290 SE2d 529) (1982). Thus, not only is the instant appeal a nullity, but the order on the Defendants' motions to dismiss Roberts' original appeal filed from the orders granting Defendants' motions for summary judgment based on the failure to timely file the transcript is likewise void. Id.; see also *Clark*, 297 Ga. App. at 794-795 (1). Moreover, because no substitution in this case has been made, we cannot simply consider the merits of the July appeal, which, in any event, has yet to be docketed in this Court. Thus, we vacate the trial court's order dismissing the May appeal and remand for the trial court to consider, and rule upon, whether the motion to substitute submitted by Robert's counsel on May 13, 2021, should have been accepted for filing by the trial court clerk. If the trial court answers that question in the affirmative, the motion to substitute should be re-filed to allow the trial court the opportunity to consider and rule on the motion. If the motion to substitute is granted, the appeal from the July appeal may then be re-transmitted to this Court, along with a copy of this opinion.

*Appeal dismissed and case remanded with direction. Miller, P. J., and Hodges, J., concur.*