**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

June 27, 2024

# In the Court of Appeals of Georgia

A24A0270. BROWN et al. v. GREEN GROWTH 2, LLC.

MARKLE, Judge.

This appeal arises from the trial court's order denying Gail Laverne Brown's motion for summary judgment and granting Green Growth 2, LLC's motion for summary judgment in this quiet title action. Because Brown died during the pendency of the case, and no one was substituted in her place, the trial court's order on these cross-motions must be vacated, and the case remanded for further proceedings.

As relevant here, Green Growth filed a petition to quiet title, pursuant to OCGA § 23-3-61, to two parcels of land it had purchased at tax sales in 2010 and 2013.[1] At the time of the tax sale, Brown owned the parcels. The trial court appointed

---

[1] Green Growth also sought to quiet title to a third parcel, but Appellants do not raise any issue as to it on appeal.

a special master, who determined that Brown and her brother, Walter J. Brown, ("brother") were adverse claimants to the petition. Both Brown and her brother filed answers to the petition, and Brown filed a motion for summary judgment, contending that Green Growth had failed to comply with the statutory notice requirements in order to foreclose her right to redeem the properties. After amending its petition to assert that its title to the two parcels had ripened by prescription, Green Growth moved for summary judgment on this ground.

In January 2023, during the pendency of the cross-motions, Brown's counsel filed a suggestion of her death, indicating that she had died on July 21, 2022.[2] Counsel also filed a motion to substitute in Brown's place a real estate development corporation, to whom Brown had purportedly transferred her interest in the properties at issue by warranty deed prior to her death, but during the pendency of this litigation.

Following a hearing, the trial court denied Brown's motion for summary judgment, granted Green Growth's motion for summary judgment, and denied the

---

[2] The record reflects that Brown's counsel filed discovery and made court appearances after she had died, but prior to filing the suggestion of death.

motion to substitute the real estate development corporation in place of Brown.[3]

Brown and her brother filed this appeal.

It is well settled that

a deceased person cannot be a party to legal proceedings. The effect of the death is to suspend the action as to the decedent until someone is substituted for the decedent as a party to the proceedings. Until someone is properly substituted as a party after the action is thus suspended, further proceedings in the case are void as to the decedent.

 (Citation and punctuation omitted.) *Temples v. Hitson*, 369 Ga. App. 767, 770 (894 SE2d 510) (2023); *Allen v. Cloudburst Mfg. Co.*, 162 Ga. App. 188 (290 SE2d 529) (1982); see also OCGA § 9-11-25 (a) (1).

Given that Brown died during the proceedings in the trial court, and no one was substituted as a party, the trial court's order on the cross-motions for summary judgment is void as to Brown.[4] See *Temples*, 369 Ga. App. at 770; *Allen*, 162 Ga. App.

---

[3] Brown's brother did not join in her motion for summary judgment, but did join in the response to Green Growth's motion for summary judgment. And Brown and her brother were represented by the same counsel, as they are on appeal.

The trial court's denial of the motion for substitution is not enumerated as error on appeal.

[4] The record reflects that Brown had granted a power of attorney to her brother, but such power was revoked upon her death.

at 188; see also *McCarley v. McCarley*, 246 Ga. App. 171 (539 SE2d 871) (2000) ("Until the substitution is made, the proceedings are void as to the deceased party."). Notably, it is her right of ownership that is at issue in this appeal. Accordingly, we vacate the trial court's summary judgment order and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Miller, P. J., and Land, J., concur.*